UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

LERIN PIERCE,

                                                          Plaintiff,

                          -against-

CITY OF NEW YORK, P.O. TAQI, P.O. SONIA
BELARDO, P.O. MERCADO, P.O. JOHN DOES 1-3,

                                                          Defendants.

------------------------------------------------------------------------- x

**ANSWER TO AMENDED
COMPLAINT ON BEHALF
OF THE CITY OF NEW
YORK, POLICE OFFICER
TAQI, POLICE OFFICER
SONIA BELARDO, AND
SERGEANT MERCADO**

16 CV 5703 (BMC)


JURY TRIAL DEMANDED


        Defendants THE CITY OF NEW YORK, POLICE OFFICER SONIA

BELARDO, POLICE OFFICER ZEESHAN TAQI, SERGEANT IVAN MERCADO[1], by their

attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to

the Amended Complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the Amended
Complaint.

        2.      Deny the allegations set forth in paragraph "2" of the Amended
Complaint.

        3.      Deny the allegations set forth in paragraph "3" of the Amended
Complaint.

        4.      Deny the allegations set forth in paragraph "4" of the Amended
Complaint.

-------------------------------------------

[1] Ivan Mercado holds the rank of Sergeant within the New York Police Department.

4. Deny the allegations set forth in paragraph "second ¶ 4" of the Amended Complaint.

5.     Deny the allegations set forth in paragraph "5" of the Amended Complaint.

6.     Deny the allegations set forth in paragraph "6" of the Amended Complaint.

7.     Deny the allegations set forth in paragraph "7" of the Amended Complaint.

8.     Deny the allegations set forth in paragraph "8" of the Amended Complaint.

9.     Deny the allegations set forth in paragraph "9" of the Amended Complaint.

10.     Deny the allegations set forth in paragraph "10" of the Amended Complaint.

11.     Deny the allegations set forth in paragraph "11" of the Amended Complaint.

12.     Deny the allegations set forth in paragraph "12" of the Amended Complaint.

13.     Deny the allegations set forth in paragraph "13" of the Amended Complaint.

14.     Deny the allegations set forth in paragraph "14" of the Amended Complaint.

15.     Deny the allegations set forth in paragraph "15" of the Amended Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Amended Complaint.

17.     Deny the allegations set forth in paragraph "17" of the Amended Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Amended Complaint.

19.     Deny the allegations set forth in paragraph "19" of the Amended Complaint.

20.     Deny the allegations set forth in paragraph "20" of the Amended Complaint.

21.     Deny the allegations set forth in paragraph "21" of the Amended Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Amended Complaint.

23.     Deny the allegations set forth in paragraph "23" of the Amended Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Amended Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Amended Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Amended Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Amended Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Amended Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Amended Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Amended Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Amended Complaint.

32.     Deny the allegations set forth in paragraph "32" of the Amended Complaint.

33.     Deny the allegations set forth in paragraph "33" of the Amended Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Amended Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Amended Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Amended Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Amended Complaint, except admit that there were three officers present on scene.

38.     Deny the allegations set forth in paragraph "38" of the Amended Complaint.

39.     Deny the allegations set forth in paragraph "39" of the Amended Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Amended Complaint.

41.     Deny the allegations set forth in paragraph "41" of the Amended Complaint.

42.     Deny the allegations set forth in paragraph "42" of the Amended Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Amended Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Amended Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Amended Complaint, except admit that plaintiff ran from New York Police officers on Flatbush Avenue, Brooklyn, New York.

46.     Deny the allegations set forth in paragraph "46" of the Amended Complaint.

47.     Deny the allegations set forth in paragraph "47" of the Amended Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Amended Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Amended Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Amended Complaint.

51.     Deny the allegations set forth in paragraph "51" of the Amended Complaint, except admit that plaintiff was placed under arrest and in handcuffs.

52.     Deny the allegations set forth in paragraph "52" of the Amended Complaint, except admit that plaintiff was placed into a police vehicle.

53.     Deny the allegations set forth in paragraph "53" of the Amended Complaint, except admit that plaintiff was taken to the New York Police Department 84th precinct which is located at 301 Gold Street, Brooklyn, New York.

54.     Deny the allegations set forth in paragraph "54" of the Amended Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Amended Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Amended Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Amended Complaint.

58.     Deny the allegations set forth in paragraph "58" of the Amended Complaint, except admit that plaintiff was taken to Brooklyn Hospital by ambulance.

59.     Deny the allegations set forth in paragraph "59" of the Amended Complaint, except admit that on or about October 15, 2014, plaintiff received and adjournment in contemplation of dismissal.

60.     Deny the allegations set forth in paragraph "60" of the Amended Complaint and each of its subparts.

61.     Deny the allegations set forth in paragraph "61" of the Amended Complaint.

62.     Deny the allegations set forth in paragraph "62" of the Amended Complaint, except admit that plaintiff purports to seek the relief stated therein.

## FIRST CAUSE OF ACTION

63.     In response to the allegations set forth in paragraph "63" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

64.     Deny the allegations set forth in paragraph "64" of the Amended Complaint.

## SECOND CAUSE OF ACTION

65.     In response to the allegations set forth in paragraph "65" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

66.     Deny the allegations set forth in paragraph "66" of the Amended Complaint.

**THIRD CAUSE OF ACTION**

67.     In response to the allegations set forth in paragraph "67" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein

68.     Deny the allegations set forth in paragraph "68" of the Amended Complaint.

69.     Deny the allegations set forth in paragraph "69" of the Amended Complaint.

**FOURTH CAUSE OF ACTION**

70.     In response to the allegations set forth in paragraph "70" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein

71.      Deny the allegations set forth in paragraph "71" of the Amended Complaint.

**FIFTH CAUSE OF ACTION**

72.     In response to the allegations set forth in paragraph " 72" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein

73.     Deny the allegations set forth in paragraph "73" and "73i-v" of the Amended Complaint.

74.     Deny the allegations set forth in paragraph "74" of the Amended Complaint, except admit that plaintiff purports to seek the relief stated therein.

## SIXTH CAUSE OF ACTION

75.     In response to the allegations set forth in paragraph "75" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein

76.     Deny the allegations set forth in paragraph "76" of the Amended Complaint.

77.     Deny the allegations set forth in paragraph "77" of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE:

78.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

79.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the City of New York is not responsible, and was not the proximate result of any act of defendants CITY OF NEW YORK, POLICE OFFICER BELARDO, POLICE OFFICER TAQI, or SERGEANT MERCADO.

### THIRD AFFIRMATIVE DEFENSE:

80.     Defendants BELARDO, TAQI, and MERCADO have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE:

81.     Plaintiff provoked any incident.

**FIFTH AFFIRMATIVE DEFENSE:**

82.     There was reasonable suspicion, probable cause and/or exigent circumstance for any alleged stop and/or search.

**SIXTH AFFIRMATIVE DEFENSE:**

83.     There was probable cause for plaintiff's arrest, detention, and prosecution.

**SIXTH AFFIRMATIVE DEFENSE:**

Defendant CITY OF NEW YORK, POLICE OFFICER TAQI, POLICE OFFICER BELARDO, SERGEANT MERCADO have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**SEVENTH AFFIRMATIVE DEFENSE:**

84.     Plaintiff has failed to comply, in whole or in part, with New York General Municipal Law § § 50(e), 50(h), and/or 50(i).

**EIGHTH AFFIRMATIVE DEFENSE:**

85.     Plaintiff cannot obtain punitive damages as against the City of New York.

**NINTH AFFIRMATIVE DEFENSE:**

86.     Plaintiff has failed to mitigate his alleged damages.

**TENTH AFFIRMATIVE DEFENSE:**

87.     At all times relevant to the acts alleged in the amended complaint, the duties and functions of the municipal defendant's employees and officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

## ELEVENTH AFFIRMATIVE DEFENSE:

88.    At all times relevant to the acts alleged in the complaint and amended complaint, defendants BELARDO, TAQI, and MERCADO acted reasonably in the proper and lawful exercise of their discretion.

## TWELFTH AFFIRMATIVE DEFENSE:

89.    Plaintiff has no standing to bring a claim under New York City Human Rights Law for Discriminatory Harassment under Chapter 6.

**WHEREFORE,** defendants CITY OF NEW YORK, POLICE OFFICER BELARDO, POLICE OFFICER TAQI, and SERGEANT MERCADO requests judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            February 6, 2017

                              ZACHARY W. CARTER
                              Corporation Counsel of the
                              City of New York
                              Attorney for Defendants The City of New York,
                              Officer Belardo, Officer Taqi, and Sergeant
                              Mercado
                              100 Church Street
                              New York, New York 10007
                              (212) 356-2398


                       By:          /s/
                              Valerie E. Smith
                              Assistant Corporation Counsel



To:    **VIA ECF**
       Gregory Antollino, Esq.
       Attorney for Plaintiff
       275 Seventh Avenue, #705
       New York, New York 10001