

ZACHARY W. CARTER

*Corporation Counsel*

**The City of New York**

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

VALERIE E. SMITH

(212) 356-2398
Fax: (212) 356-3509
vsmith@law.nyc.gov

February 23, 2017

**BY ECF**
Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   RE: <u>Lerin Pierce v. The City of New York et al</u>., 16 CV 05703 (BMC)

Dear Judge Cogan:

   As you know, I represent The City of New York, Officer Zeeshan Taqi, Officer Sonia Belardo, and Sergeant Mercado in the above captioned litigation. Parties now file this joint letter seeking the guidance of the Court regarding an ongoing Discovery issue, specifically regarding plaintiff's late disclosure of a treating physician and taking the deposition of Ashley Holloway after the close of fact Discovery.

**<u>Defendants</u>:**

   As Your Honor is aware, on February 3, 2017, plaintiff was ordered to disclose the names of treating physicians he intends to call at trial within ten days. On or about February 13, 2017, plaintiff sent defendants two names via electronic mail. Specifically, plaintiff designated Vanessa Trujillo a Licensed Clinical Social Worker from Urban Horizons and designated Dr. Richard Sternberg from NYU Langone, as treating physicians. Plaintiff also indicated that his client had a referral for a neurologist, but did not include the name of the neurologist or the date of potential examination.  The undersigned informed plaintiff's counsel that he would have to seek the approval of the Court in order to name an additional treating physician beyond the time designated by the Court. Since plaintiff did not designate a neurologist, Defendants cancelled his neurological independent medical evaluation which was scheduled for February 17, 2017.  On February 17, 2017, the undersigned received an electronic communication from plaintiff's counsel indicating that plaintiff was seen by a new neurologist, "Yvonne."  There was no additional identifying information included in the communication.  On or about February 21, 2017, the undersigned again informed plaintiff that he needed to seek the approval of the Court

to name an additional treating physician.  To date, plaintiff has not sought the approval of the Court to extend time for naming treating physicians.

Upon information and belief, plaintiff had previously seen two neurologists and has chosen not to name them as treating physicians. This is the third neurologist that the plaintiff has seen. At this time, defendants have not received a medical release for records for the new neurologist and only received a full name of the neurologist after the fact on February 23, 2017. Furthermore, upon information and belief, plaintiff is currently scheduled with this neurologist for additional tests on March 2, 2017 which is a mere one business day before the close of fact-discovery. Any information learned from this examination will be too late in the discovery process to allow defendants a meaningful opportunity to explore and respond to the late disclosure.  Should plaintiff be permitted the late disclosure, it is very likely that defendants will seek to have an independent medical evaluation completed by a neurologist.  This evaluation cannot be complete and accurate without the records and evaluations completed by the new neurologist, which are expected to take place on March 2, 2017.

With respect to the deposition of non-party witness Ashley Holloway, Defendants are not opposed to taking Ms. Holloway's deposition after the close of fact Discovery and before the conclusion of expert discovery. Upon information and belief, Ms. Holloway is only available on Fridays to submit to her deposition.  I am currently preparing for a trial in the Southern District which is scheduled to start on March 6th and expected to go through March 10th.  I will be preparing witnesses for trial on March 3rd and not available on the last Friday before the close of fact Discovery.  Because of the time constraints and scheduling issues, the undersigned has no objection to completing the deposition of Ms. Holloway on Friday, March 17th with the Court's permission so that we are able to accommodate both my schedule and Ms. Holloway's schedule.

**Plaintiff:**

(1) <u>Deposition of Ashley Holloway outside of fact discovery</u>: Ms. Holloway was Mr. Pierce's partner at the time of the incidents complained of in the complaint. She moved to Arkansas thereafter, and to comply with deadlines, I noticed a deposition for her on February 27, but noted on the subpoena that we would work with her but the deposition must take place before March 6. (The rules contemplate this.) I spoke to her today in accordance and she indicated a strong preference for Thursdays or Fridays. The deposition will be short and by telephone. She must merely authenticate some documents, answer a few other questions and - from plaintiff's perspective - I expect an hour would be sufficient. Ms. Valerie Smith indicates she is unavailable this week and has a trial starting March 6, which she will be preparing for March 2 & 3. She will be available March 17 and 24, and the parties are in agreement that the deposition may take place after fact but before the end of expert discovery if the Court allows.

(2) <u>Treating physician # 3</u>: The Court ordered me to tender the names of treating medical experts we intend to have testify by, as I recall, February 6. On that date, I tendered the name of a therapist and Mr. Pierce's chiropractor. I also said words to the effect that, "We also intend to call plaintiff's neurologist. Because plaintiff's insurance just gave him a referral to a neurologist, whose name I do not have yet, in accordance with the Court's order, if you

- 3 -

depose and we do not call him or her, we have been ordered and fairly assume liability for your deposition and attorneys' fees. Plaintiff had previously been referred to neurologists lacking insight - according to his chiropractor - who insisted he see a better one." (These words are an approximation.)

I just learned recently that the doctor's name is Yvonne Zaharakis, who saw plaintiff last week. She was a valedictorian at Hunter College and a graduate of Cornell, who studied in Vienna for her residency. She referred plaintiff for an EMG, which is to take place on March 2. Plaintiff feels comfortable with this doctor. I do not want to interfere with the doctor-patient relationship, but I did ask him to call the person who schedules EMG's and ask if he could be slipped in before March 2 if there were any cancellations.

Given that I identified the type of doctor - whose name I didn't know because the insurance company didn't reveal it - that I showed defense counsel the referral letter, and affirmed my responsibility for costs per the Court's oral ruling, I do not think there is an ounce of prejudice to the City if I speak to Dr. Zaharakis shortly after March 2 and get a sense of his neurological state. Notably, the defense cancelled - rather than postponed - a neurological IME that was to take place last week. There is so little discovery to take place before the Court's announced month for trial, and given the lack of prejudice the City will suffer - especially when it had an IME on deck and decided to cancel it rather than postpone it - I ask leave of court to speak to Dr. Zaharakis as soon as possible after the EMG, then report to the City no later than March 9 or such date as the Court will allow whether I intend to call Dr. Zaharakis. I believe, given the Court's prospective order that I pay costs, and the unusual circumstances, the Court has already ruled on this matter. Nevertheless in the abundance of caution, I write to seek specific leave for this relief given these unusual circumstances.

**Conclusion:**

As the Court is aware, fact Discovery is scheduled to close on March 6, 2017 and despite best efforts, there continue to be ongoing discovery issues which require the Court's attention.

Thank you for your attention to this matter.

Respectfully submitted,
_____/s/_____
Valerie E. Smith
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   VIA ECF
      Gregory Antollino, Esq.
      *Attorney for Plaintiff*