# GREGORY ANTOLLINO
### ATTORNEY AT LAW
GREG@ANTOLLINO.COM

275 SEVENTH AVENUE, SUITE 705  
NEW YORK, NEW YORK 10001

TEL. (212) 334-7397  
FAX (212) 334-7399

March 23, 2017

Brian M. Cogan  
U.S. District Judge  
225 Cadman Plaza  
Brooklyn, New York 11201

Re:   Pierce v. City of New York, et alia, 16-cv-5703 (BMC)

Dear Judge Cogan:

    I represent plaintiff in this case. I am sorry to bother you but I did contact defense counsel Valerie Smith about her unanticipated summary judgment motion. Your rules state:

> For all [non discovery] motions [except for in applicable matters] a pre-motion conference is required before a party may file any motion. Parties must request a pre-motion conference in writing by ECF (except in pro se cases . . . ]. The moving party shall submit a letter not to exceed three pages in length setting forth the basis for the anticipated motion, and simultaneously serve the request on all counsel. Parties so served shall serve and file a letter response, not to exceed three pages, within five days from service of the notification letter, unless the Court directs otherwise.

Individual Rules, Part III(A)(2).

    Now, as it happens, I cannot even see the motion on ecf now because it has been filed under seal. What is is about? Discovery is not over. I had alluded strongly, twice, in writing and in Chambers, to the likelihood that I would withdraw the false arrest claim since there was a citizen complaint, no matter how flimsy, before Ms. Smith made a motion to avoid extra work. We never got to the point where I was asked to sign a stipulation to that effect, as reluctantly as I would have. I can speculate as to what the motion might be about but (1) I think a pre-motion letter is the best course nevertheless; (2) you had strongly encouraged the defendants not to move on the false arrest claim and that trial would be in May (I have not even been tendered all of the defense discovery I have asked for); and (3) while I can imagine some arguments other than against the false arrest claim, I have answers to them. But because the papers are under seal I can't even see them, so I am speculating as to the arguments made, and responses I would make to them. This is a classic case as to why a pre-motion letter rule should be followed.

I ask that the summary judgment motion be stricken without prejudice until the end of discovery, *and* then made only after the following of your individual rules. It is not my habit to ask for sanctions. I hate them, and won't ask for them here. But this is overreach pure and simple.

Sincerely,

*Greg S. Antollino /s/*

Gregory Antollino

Cc:  Valerie Smith, by ecf