```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
LERIN PIERCE,                                               :
                                                            :
                                                            :
                              Plaintiff,                    :
                                                            :   ORDER
                - against -                                 :
                                                            :   16 Civ. 5703  (BMC)
                                                            :
CITY OF NEW YORK, POLICE OFFICER                            :
TAQI, POLICE OFFICER BELARDO,¹ and                          :
POLICE OFFICER MERCADO,                                     :
                                                            :
                              Defendants.                   :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

    1.    Before the Court is a motion filed by defendants the City of New York, Officer Taqi, Officer Belardo, and Officer Mercado, seeking summary judgment on plaintiff's claims for false arrest, excessive force, violations of substantive due process, and failure to protect under 42 U.S.C. § 1983, municipal liability under <u>Monell</u>, and discriminatory harassment or violence under the New York City Human Rights Law ("NYCHRL").  Defendants' motion is granted in part and denied in part as follows.

    2.    Subsequent to defendants' filing of their motion, plaintiff withdrew his false arrest claim, agreeing that the existence of a complaining witness provided the officers either probable cause or arguable probable cause to arrest plaintiff.  The Court dismissed the false arrest claim pursuant to Federal Rule of Civil Procedure 41 on March 24, 2017.  Thus, this argument is moot.

    3.    Defendants' motion is denied on the excessive force claim.  Although plaintiff largely disregarded Local Rule 56.1 and this Court's Individual Practices when drafting his Local

---

[1] The docket incorrectly spells Officer's Belardo's name; the Clerk is directed to amend the docket to reflect the correct spelling of Belardo.

Rule 56.1 Counter-Statement and legal precedent in drafting Mr. Pierce's individual declaration, issues of fact remain regarding whether plaintiff collided with or was struck by the police vehicle and whether Officer Taqi unnecessarily assaulted plaintiff before, while, or after handcuffing him.

4. I reject defendants' argument that the medical records do not, as a matter of law, support plaintiff's version of events (or more accurately, his several versions, as some of the details have fluctuated). The medical records do indicate some injuries,[2] and the deposition testimony of the officers contains some inconsistencies.

5. Defendants' motion is granted as to the substantive due process claim. Nowhere in his opposition did plaintiff oppose defendants' arguments or even reference this claim. "Where a defendant moves for summary judgment, and the opposing party fails to oppose the argument, courts will deem the claim abandoned and grant dismissal." Alexander v. Westbury Union Free Sch. Dist., 829 F. Supp. 2d 89, 112 (E.D.N.Y. 2011).

6. Defendants' motion is denied with respect to the failure to protect claim, which defendants construed as a failure to intervene claim given the particular allegations in the complaint. There is a question of fact as to whether Officer Mercado had the ability to direct or stop Officer Belardo in her maneuvering of the police vehicle when it collided or struck plaintiff. There is a further question of fact as to whether either Officer Belardo or Officer Mercado could have intervened with respect to the events transpiring on the ground when Officer Taqi was placing plaintiff under arrest.

7. Defendants' motion for summary judgment is denied as to the Monell claim, without prejudice to renewal after the jury renders its verdict on the claims against the individual

---

[2] Moreover, whether or not the September 1, 2014 events caused, exacerbated, or had no impact on plaintiff's pre-existing back, shoulder, and knee problems is a causation issue for the jury.

2

officers. I previously severed the Monell claim and will revisit that claim with the parties following the jury verdict.

8. Defendants' motion is granted as to plaintiff's NYCHRL claim for discriminatory harassment or violence under N.Y.C. Admin. Code § 8-502(a). The statute does not create a private cause of action.

9. Finally, plaintiff seeks a "sort of . . . adverse inference" that certain missing EMS discovery would support plaintiff. The Court rejects plaintiff's request. If Corporation Counsel failed to turn over discovery in a timely manner, then plaintiff should have brought this to the Court's attention consistent with the warning both parties received at the initial status conference – that any party who fails to raise a discovery issue before the close of discovery waives his right to that discovery. Both parties raised several discovery disputes, but plaintiff did not raise the missing EMS records.

10. Plaintiff also suggests in his opposition that defendants "should be sanctioned" for their failure to tender their expert reports. Plaintiff was warned by Order dated March 24, 2017 that baselessly threatening sanctions is itself sanctionable. See Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 78 (2d Cir. 2000). Plaintiff's suggestion for sanctions is baseless. At the time of plaintiff's filing of his opposition (April 7, 2017), the date for defendants to tender their

expert reports (April 11, 2017) had not yet passed.  This is the last warning:  If plaintiff's counsel again raises the issue of sanctions against his adversary when there is no basis for it, the Court will again sanction plaintiff's counsel.

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
      April 25, 2017

4