UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

LERIN PIERCE,

                                    Plaintiff,

                -against-

CITY OF NEW YORK, P.O. TAQI, P.O.
SONIA BELARDO, P.O. MERCADO, P.O.
JOHN DOES 1-3,

                                    Defendants.

-------------------------------------------------------X

**DEFENDANTS' PROPOSED JURY CHARGE**

16 CV 5703 (BMC)

In accordance with the Court's Individual Practice Rules, defendants respectfully provide proposed language for the jury charge relating to the remaining substantive claims.[1]

## PART I:  GENERAL INSTRUCTIONS.

### Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties.  Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations.  As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you.  Also, even if any attorney or

---

[1] The City should be removed from the caption on any copy of the jury instructions and/or verdict sheet provided to the jury, pursuant to defendants' *in limine* motion and the Court's Order dated April 26, 2017, ¶7.  Defendants also reserve the right to amend these proposed charges at the time of trial, as issues arise.

other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

### Duty of the Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts you must rely upon your own recollection of the evidence. None of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence.

The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and any stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the depositions that were read into evidence. Please remember that questions are never evidence; only answers are evidence. However, at times, during the course of this trial, counsel for the plaintiff and defendants may have incorporated into their questions statements that they have asked the witness to assume as true. If the witness denied the truth of these statements, and if no other evidence was introduced to prove the assumed fact was true, then you may not consider it to be true simply because it was contained in a lawyer's question. On the other hand, if the witness acknowledged the truth of the statement, you may, of course, consider the witness's answer as evidence that the statement is in

fact true.  Also, you may not consider any answer that I directed you to disregard or what I directed be stricken from the record.  Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also has the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses.  My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters.  You are expressly to understand that I have no opinion as to the verdict you should render in this case.

### Duty of Impartially

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law.  You are to perform your final duty in an attitude of complete fairness and impartially.  You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict.  So do not be guided by anything except clear thinking and calm analysis of the evidence.  Your verdict will be determined by the conclusions you reach, no matter whom the verdict helps or hurts.

## Burden of Proof: Preponderance of the Evidence

As you know, this is a civil case.  In order to prevail in a civil case, a party who is making a claim against another party has what we call the "burden of proof," which is the burden of establishing each of the essential elements of the claim by a preponderance of the credible evidence.

Here, the party that is making a claim is the plaintiff, Lerin Pierce.

In this civil trial, it is plaintiff's burden to establish each and every element of his claims by a preponderance of the credible evidence.  The "credible evidence" means such testimony, exhibits, or other evidence that you find worthy of belief.  To establish an element of a claim by a preponderance of credible evidence means to prove that that element is more likely true than not true.  If plaintiff fails to prove, by a preponderance of the evidence, any element of his claim, then you <u>must</u> find for the defendants on that claim.

What does a "preponderance of the evidence" mean? A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is in balance or evenly divided between the parties – that is, it is equally probable that one side is right as it is that the other side is right -- or that the evidence produced by the party having the burden of proof is outweighed by evidence against his claim, then you must decide that issue against the party having the burden of proof, or the plaintiff in this case. That is because the party bearing the burden, in this case the plaintiff, must prove more than simple equality of evidence -- he must

prove the element at issue by a preponderance of the evidence.  On the other hand, the party with the burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of that party -- that what he claims is more likely true than not true -- then the element will have been proved by a preponderance of evidence.

### Direct and Circumstantial Evidence

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly.  It does not require any other evidence.  It does not require you to draw any inferences.  A witness's testimony is direct evidence when the witness testifies to what he/she saw, heard, or felt.  In other words, when a witness testified about what is known from his/her own personal knowledge by virtue of his/her own sense, what he/she saw, touched, or heard – that is direct evidence.  The only question is whether you believe the witness's testimony.  A document or physical object may also be direct evidence when it can prove a material fact by itself, without any other evidence or inference.  You may, of course, have to determine the genuineness of the document or object.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but that the courtroom blinds were drawn and you could not look outside.  Then later, as you were sitting here, people began walking in with wet umbrellas and, soon after, others walked in with wet raincoats.

Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the

combination of the facts about the umbrellas and the raincoats, it would be reasonable for you to conclude that it had begun raining.

That is all there is to circumstantial evidence.  Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence and you can consider either or both, and can give them such weight as you conclude is warranted.

You are to consider all the evidence in the case, both direct and circumstantial, in determining what the facts are, and in arriving at your verdict.

## **Witness Credibility**

It must be clear to you by now that the parties are asking you to draw very different conclusions in the case.  An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank, and forthright; or did the witness seem to be evasive or suspect in some way?  How did the way the witness testified on direct-examination compare with how the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what he or she was talking about?  Did the witness strike you as someone who was trying to report his or her knowledge accurately?  These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias.  Does the witness have a relationship with any of the parties that may affect how he or she testified?  Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth?  Does the witness have some bias, prejudice or hostility that may cause the witness -- consciously or not -- to give you something other than a completely accurate account of the facts he or she testified to?  However, an interested witness is not necessarily less credible than a disinterested witness.  The fact that a witness is interested in the outcome of the case does not mean that the witness has not told the truth.  It is for you to determine from the witness's demeanor on the stand and such other tests as your experience dictates whether or not the witness's testimony has been colored, intentionally or unintentionally, by the witness's interest.

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

If you find that any statement made by a witness was false, in whole or in part, you may disregard the particular part you find to be false or you may disregard the witness' entire testimony as not worthy of belief.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

## PART II: SUBSTANTIVE LAW

In this case, the plaintiff, Lerin Pierce, brings a federal claim for excessive force against defendants, Sonia Belardo, Zeeshan Taqi, and Ivan Mercado.  I will first instruct you on plaintiff's claims, then I will instruct you on his state-law claims.

## FEDERAL § 1983 CLAIM

**A.**     **The Statute, Its Function, and Elements of Claim for Relief**

Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983.  In order to prevail in this case pursuant to 42 U.S.C. § 1983, plaintiff must prove by a preponderance of the evidence that:

1)     Defendant's conduct deprived the plaintiff of a right protected by the Constitution of the United States; and

2)     Defendant's conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will explain these elements to you.

**1.**     **First Element:  Deprivation of Constitutional Right**

First, plaintiff must show that he was intentionally or recklessly deprived of a constitutional right by the defendant.  Specifically, the plaintiff must show, by a preponderance of the credible evidence, that (a) the defendant committed the acts as alleged by plaintiff; (b) in performing the acts as alleged by plaintiff, defendant acted intentionally or recklessly, and (c) the alleged acts caused the plaintiff to suffer the loss of a constitutional right.

**1.**     *Commission of Alleged Acts*

The first thing for you to determine is whether the defendant committed the acts as alleged by plaintiff.  If you find that plaintiff has failed to prove by a preponderance of the credible evidence that the defendant committed the acts as alleged by plaintiff, you must find in favor of the defendant.

**2.**     *Intent*

Let me briefly explain what I mean when I say that a person acted intentionally or recklessly.  An act is intentional if it is done knowingly — that is, if it is

done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason.  An act is reckless if done in conscious disregard of its known probable consequences.

### 3.    *Loss of a Constitutional Right*

If you determine that the defendant committed the act alleged by plaintiff, you must next determine whether that act caused plaintiff to suffer the loss of a constitutional right. Here, the rights at stake are those secured by the Fourth Amendment to the United States Constitution, which forbids "unreasonable searches and seizures." Plaintiff claims, as I have already mentioned, that the defendant Morales deprived him of his federal right  by subjecting him to excessive force.

<u>EXCESSIVE FORCE</u>

Plaintiff alleges that the defendant Belardo violated his Fourth Amendment rights by using excessive force when he was struck by the police car she was driving.  Plaintiff also alleges the defendant Taqi used excessive force before, while, or after handcuffing him.  Defendants dispute plaintiff's version of events, and allege that plaintiff collided with the police car Officer Belardo was driving as plaintiff was running from police. Defendants further deny defendant Taqi used excessive force against plaintiff.  Therefore, you must first determine whose version of events you believe and what, if any, force was used against the plaintiff.

In order to find for plaintiff on this claim, you must find three things: first, that he suffered a physical injury; second, that the injury suffered was proximately caused by the intentional actions or conduct of a defendant, and no one else, directed at the plaintiff; and third, that the amount of force used was in excess of what a reasonable officer would have used under similar circumstances.

Even if you find that there was some forcible contact between the plaintiff and the defendant, that mere fact would not be sufficient by itself to demonstrate that the defendant violated the plaintiff's constitutional rights.[2] In fact, in restraining an individual or taking an individual into custody, a police officer is not constitutionally required to be courteous. That means that "evil intentions" will not be considered excessive force if the force that was used was in fact reasonable.[3] In other words, a police officer's good intentions will not make an excessive use of force permissible, and his bad intentions will not make a reasonable use of force excessive.[4]

Every person has the right not to be subjected to unreasonable or excessive force by a law enforcement officer. On the other hand, an officer has the right to use such force as is necessary under a given set of circumstances. You must determine: 1) whether there was any force used against the plaintiff; 2) if there was force used against the plaintiff, whether the force was used by the defendant; and 3) if the defendant used force against the plaintiff, whether the force was excessively violent. Force is excessively violent if the officer exceeded that degree of force which a reasonable and prudent law enforcement officer would have applied under the same circumstances.[5]

---

[2] Adapted from Jury Instruction given by the Hon. Robert P. Patterson in <u>Butler v. Kibel, et al.,</u> 10 Civ. 7974 (RPP) (S.D.N.Y.). <u>See</u> <u>Graham v. Connor,</u> 490 U.S. 386, 396 (1989); <u>Saucier v. Katz,</u> 533 U.S. 194, 208 (2001).

[3] <u>See</u> <u>Graham,</u> 490 U.S. at 397; <u>Anderson v. Branen,</u> 17 F.3d 552, 559 (2d Cir. 1994); <u>Kash v. Honey,</u> 38 Fed. Appx. 73, 76 (2d Cir. 2002).

[4] Adapted from the Jury Instructions given by Hon. Brian M. Cogan in <u>Ivan Kimbrough v. Detective John R. Nixon, et al.,</u> 10 CV 1088 (E.D.N.Y.); Jury Instructions given by Hon. Andrew L. Carter in <u>Thomas v. City of New York, et al.,</u> 09 CV 3162 (S.D.N.Y. delivered on July 5, 2012).

[5] Adapted from the Jury Instructions given by Hon. Donald E. Walter in <u>Rocky Williams v. City of New York, et al.,</u> 01 Civ. 4146 (E.D.N.Y.).

Now the Constitution must not be trivialized, the use of force is not uncommon or unusual in the course of restraining an individual. Not every push or shove by a police officer constitutes excessive force, even if it may later seem unnecessary in the peace and quiet of this courtroom.[6] Minor scrapes, bumps or bruises potentially could occur, often unintended, during any arrest, and an officer cannot be held liable for every such incident.[7]

You must allow for the fact that police officers are forced to work in circumstances that are tense, uncertain and rapidly evolving. They must make split-second judgments about their actions and about the amount of force that is necessary in a particular situation.[8] I instruct you that an officer need not put himself at risk of physical harm to avoid the use of force. However, you do not have to determine whether defendant officers used the least amount of possible force, for defendant officers only needed to have acted within the range of conduct identified as reasonable.[9] In this regard, you are not to decide if the least amount of force was used but rather you are only to decide if the force that was used, if any, was reasonable.[10] The question therefore is only

---

[6] Graham, 490 U.S. at 396.

[7] Adapted from the Jury Instructions given by Hon. Barbara S. Jones in Pope v. Buttner, 10 Civ. 4118 (S.D.N.Y. delivered March 7, 2012); and Jury Instructions given by Hon. Andrew J. Peck in Tsesarskaya v. City of New York, et al., 11 Civ. 4897 (S.D.N.Y. delivered on June 13, 2012).

[8] Adapted from the Jury Instructions given by the Hon. Tucker L. Melançon in Fryer v. Zhen, et al., 10 CV 5879 (E.D.N.Y. delivered on September 21, 2011).

[9] Adapted from the Jury Instructions given by the Hon. P. Kevin Castel in Figueroa v. Marines, 02 Civ. 8301 (S.D.N.Y. delivered on February 3, 2004).

[10] Adapted from the Jury Instructions given by the Hon. Brian M. Cogan in Gilliard v. Kibel, et al., 10 CV 5247 (E.D.N.Y.); Jury Instructions given by the Hon. Fredric Block

whether the officer's actions are objectively reasonable in light of all the facts and circumstances confronting him.

Because police officers are often forced to make split second judgments about the amount of force that is necessary in a given situation, the "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.[11] You are not to consider the officer's underlying intent or motivation.[12]  I also instruct you that negligence does not violate the Fourth Amendment.  Therefore, you should not consider whether or not the police officer may have negligently or carelessly created an otherwise objectively reasonable need to use force.[13]

Defendants Belardo and Taqi deny that they subjected the plaintiff to excessive force.  Therefore, you must first determine whether the plaintiff has proven by a preponderance of the evidence that the acts alleged by him took place.  If your answers are no, then your deliberations are over and you must bring back a verdict for the defendant on this claim.  If your answers are yes, then in determining whether the acts of the defendants caused the plaintiff to suffer the loss of a federal right, you must determine

---

in <u>Stanczyk v. City of New York, et al.</u>, 11 CV 0249 (E.D.N.Y. delivered on March 19, 2013).

[11] Adapted from Jury Instructions given by the Hon. J. Paul Oetken in <u>Choi v. Murdocco</u>, 10 Civ. 6617 (S.D.N.Y. delivered November 13, 2012).

[12] <u>Graham</u>, 490 U.S. at 396.

[13]  <u>See</u> <u>Daniels v. William Sylvesters</u>, 474 U.S. 327 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344 (1986); <u>Coakley v. Jaffe</u>, 2000 U.S. App. LEXIS 26073, at *2 (2d Cir. 2000); <u>Solana v. New York City Dep't of Corr.</u>, 2012 U.S. Dist. LEXIS 161252, at *7 (E.D.N.Y. 2012).

whether the amount of force used was that which a reasonable officer would have employed under similar circumstances.

<u>FAILURE TO INTERVENE</u>

Plaintiff contends that defendant Belardo used excessive force on plaintiff in violation of the Fourth Amendment and that defendant Mercado should be liable for that violation because he failed to intervene to stop the violation.  Plaintiff also contends that defendant Taqi used excessive force on plaintiff in violation of the Fourth Amendment and that defendants Belardo and Mercado should be liable for that violation because they failed to intervene to stop the violation.

Defendants deny that any of the defendants observed any excessive force used against the plaintiff.  Defendants assert that plaintiff's constitutional rights were not violated.  You are not to consider this claim unless you first find that plaintiff has proven by a preponderance of the evidence that at least one of the defendants is liable for violating plaintiff's constitutional rights to be free from excessive force.

With respect to a failure to intervene claim, all police officers have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other police officers in their presence.  This means that if a police officer, even if he is not using excessive force himself, witnesses another police officer using force, he may have an affirmative duty to stop the violation.

To be clear, this duty only arises, however, if the police officer knows a constitutional right is being violated and the officer has a realistic opportunity to intervene to prevent the violation from occurring.  In other words, if you find that the defendant did not or could not know excessive force was being used or the officer did not

have sufficient time to intervene on the individual's behalf, then you should not hold that defendant liable for failing to intervene.

Thus, before you can hold any defendant liable under plaintiff's failure to intervene claim, you must conclude that plaintiff has proven by a preponderance of the evidence the following elements:

First:  that a defendant subjected plaintiff to the use of excessive force in violation of the Constitution;

Second:  that another defendant observed those actions and knew the actions were unlawful;

Third:  that said defendant had a realistic opportunity to intervene, as I have just described that phrase; and

Fourth:  that said defendant failed to take reasonable steps to prevent the use of excessive force.

If you find that the plaintiff has met these four elements, then you must find any defendant whose conduct satisfies said elements liable for any injuries that you conclude were a proximate result of the excessive force.[14]  On the other hand, if you find that plaintiff has not proven these four elements by a preponderance of the credible evidence, then your verdict must be for the defendants on this claim.

## 2.   SECOND ELEMENT:  PROXIMATE CAUSE

The second element that plaintiff must prove is that defendants' acts were a proximate cause of the injuries plaintiff sustained.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and

---

[14] See Sec. 1983 Litig. Jury instructions § 7:02[B] (Adapted from Robinson v. Village of Rockville Centre, E.D.N.Y. 93 Civ. 2696 (Hon. E. Thomas Boyle)(October 5, 1995).

any injury or damage sustained by plaintiff.  If you find that any of defendant's acts or omissions were a substantial factor in bringing about or actually causing plaintiff's injury, that is, if the injury was a *reasonably foreseeable* consequence of any of defendants' acts or omissions, then defendants' acts or omissions were a proximate cause of plaintiff's injuries.  If an injury was a direct result or a reasonably probable consequence of a defendants' act or omission, it was proximately caused by such act or omission.  Stated another way, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, plaintiff must show, by a preponderance of evidence, that his injury would not have occurred without the acts or omissions of the defendant.  If you find that the defendant has proven, by a preponderance of the evidence, that plaintiff complains about an injury that would have occurred even in the absence of defendant's acts or omissions, you must find that the defendant did not proximately cause plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or space.  In addition, there may be more than one proximate cause of an injury.  Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury.  The defendant is not liable if he did not cause plaintiff's injuries or if plaintiff's injuries were caused by a new or independent source that intervened between the defendant's acts or omissions and plaintiff's injuries and produced a result that was not immediately foreseeable by defendant.

## PART III:  QUALIFIED IMMUNITY

Defendants assert that the defense of qualified immunity is one for the Court to decide, not the jury.[15]  Defendants reserve the right to provide Proposed Special Interrogatories for the Court's consideration, so that the jury might resolve disputed issues of fact to aid the Court in deciding whether defendants are entitled to qualified immunity[16] as a matter of law.

## PART IV:  DAMAGES

### General Instructions[17]

If you find that the plaintiff has proved, by a preponderance of the evidence, all of the elements of his claims for relief, you must then decide if he suffered any injuries as a result of the violation of his rights.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages.  You should not reach the issue of damages unless you find that the plaintiff has established liability on his claims.  Also, just because I give you instructions on damages does not mean that I have any opinion about liability.  It is for you alone to decide whether the defendants are liable to the plaintiff.

Additionally, federal law provides for a separate award of attorneys' fees should the plaintiff prevail in this case.  The award of attorneys' fees in such circumstances is a matter to be determined by the Court.  Accordingly, if you award any

---

[15] Zellner v. Summerlin, 494 F.3d 344 (2d Cir. 2007); Stephenson v. John Doe, 332 F.3d 68 (2d Cir. 2003).

[16] See e.g. Saucier v. Katz, 533 U.S. 194, 199 (2001); Crawford-El v. Britton, 523 U.S. 574 (1998); Mitchell v. Forsyth, 472 U.S. 511 (1985).

[17] Adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.2 (2005 Supplement).

damages to the plaintiff, you should not take into consideration the fees that the plaintiff may have to pay his attorneys.[18]

Should you decide that the plaintiff has proved a claim by a preponderance of the evidence, you must consider awarding two types of damages: compensatory damages and nominal damages.  I will explain the law concerning each of these types of damages to you.

### **Compensatory Damages[19]**

If you return a verdict for the plaintiff, then you may award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of a defendant.  These damages are called compensatory damages.  The purpose of compensatory damages is to make the plaintiff whole – that is, to compensate the plaintiff for the damage that he has proven by a preponderance of the credible evidence.

Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendants.  You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered, or that the plaintiff is reasonably likely to suffer in the future.

Moreover, you shall award actual damages only for those injuries that you find plaintiff has proven by a preponderance of credible evidence to have been the direct result of conduct by the defendant you have found liable.  That is, you may not simply

---

[18] Defendants note that this paragraph was taken from the charge given to the jury by Judge Kaplan in Manigault.

[19] Unless otherwise cited, all paragraphs in this section, entitled "Compensatory Damages", were adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.1 (2005 Supplement).

award actual damages for any injury suffered by plaintiff — you must award actual damages only for those injuries that are a direct result of actions by defendants, and that are a direct result of conduct by defendants that was a violation of plaintiff's rights.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of his rights at issue here.  You may, however, compensate the plaintiff to the extent that you find that he was further injured by a defendant's violations of his rights.

Actual damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.

There is no claim in this case that the plaintiff sustained any loss of income or other economic loss.  So, in calculating compensatory damages, you may not include any amount for such losses.

### Damages:  Multiple Claims

Plaintiff is entitled to only one recovery, if at all, sufficient to reasonably compensate him for his injuries.  I therefore instruct you that if you find that plaintiff has prevailed on more than one claim, you may not award additional compensatory damages

for the same injury. You should award an amount of compensatory damages equal to the total damages you believe will fairly and justly compensate plaintiff for the separate injuries he suffered. But you should not compensate plaintiff for the same injury twice simply because you find a defendant liable for multiple claims.

This case involves multiple defendants. Therefore, you must be careful to award damages only against the defendant or defendants that the plaintiff has proved are liable for that injury. The fact that the plaintiff proves that one defendant is liable does not necessarily mean that the other defendant is also liable. Each defendant is entitled to a separate and individual consideration of his liability without regard to your decisions on any other defendant. If the plaintiff proves that a particular defendant is liable and responsible for a particular injury, you must impose damages for that particular injury upon that particular defendant. Keep in mind, however, that plaintiff can recover only once for his injury, because the law disallows double recoveries.

## Nominal Damages

Now let's turn to nominal damages. If you return a verdict for plaintiff on any of his claim, but then find that he failed to prove by a preponderance of the credible evidence that he suffered any actual damages for that claim as a result of the action of defendants, then you may return an award of damages in some nominal or token amount not to exceed the sum of one dollar. This is called nominal damages.

Nominal damages are awarded when a plaintiff has been deprived by a defendant of a constitutional right, but has proved no compensatory damages as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to be free from such action, even when no actual

damages flow from the deprivation.  Therefore, if you find that plaintiff did not prove injuries as a result of the defendants' conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.[20]

### Mitigation of Damages

In determining the amount of damages to which plaintiff is entitled to if any, you may take into consideration whether plaintiff failed to mitigate his damages after defendants arrested him.[21]  A plaintiff claiming damages due to the wrongful act of another is under an obligatory duty to minimize the damages liable to result from such injury.[22]  If the plaintiff does not make a reasonable effort to minimize his damages, he is barred from recovering those additional damages that result from his own failure to mitigate.[23] Therefore, if you find that plaintiff could have reasonably avoided certain of his injuries, you may deny plaintiff compensation for those damages stemming from the avoidable injury.[24]

---

[20] Defendants have not included any charge relating to punitive damages because defendants contend that, after hearing the evidence, the Court will determine that no rational jury could find punitive damages against defendants in this case.  Should the Court find that a punitive damage charge is necessary, defendants will provide proposed language.

[21] See Miller v. Lovett, 879 F.2d 1066, 1070 (2d Cir. 1989)(citing E. Devitt, C. Blackmar & M. Wolff, Federal Jury Practice & Instructions § 85.13 (1987)("there can be no duty to mitigate damages until the injury causing those damages actually occurs.").

[22] East Hampton Dewitt Corp. v. State Farm Mut. Auto. Ins. Co., 490 F.2d 1234, 1239 (2d Cir. 1973)(quotations omitted).

[23] Id.

[24] Id.

It is defendants' burden to prove that plaintiff made no attempt to mitigate his damages.[25]

## Attorneys' Fees

Federal law provides for an award of attorneys' fees to a plaintiff when he or she prevails in a civil rights action.  The award of attorneys' fees is a matter to be determined by the Court.  Accordingly, if you award any damages to plaintiff, including nominal damages, you should not take into consideration the fees that plaintiff may have to pay his attorneys.


Dated:          New York, New York
                June 14, 2017


                              ZACHARY W. CARTER
                              Corporation Counsel of the
                                City of New York
                              *Attorney for Defendants*
                              100 Church Street
                              New York, New York 10007
                              (212) 356-3513/(212) 356-2245

                         By:  _____/s_____
                              Carolyn K. Depoian
                              Senior Counsel

                              Valerie Smith
                              Assistant Corporation Counsel

---

[25] See Clarke v. Frank, 960 F.2d 1146, 1152 (2d Cir. 1992)("while it is the plaintiff's duty to mitigate, it is the defendant who has the evidentiary burden of demonstrating at trial that a plaintiff has failed to satisfy this duty.")

21