UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                  :

LERIN PIERCE,                          :
                                                  :

                     Plaintiff,       :
                                                  :

               - against -        :   16 Civ. 5703  (BMC)
                                                  :

POLICE OFFICER TAQI, POLICE OFFICER :
BELARDO, and POLICE OFFICER      :
MERCADO,                         :
                                                  :

                 Defendants.    :
                                                    :
-------------------------------------------------------- X

**Plaintiff's PROPOSED edits to the Court's JURY CHARGE**

**PART I: GENERAL RULES**................................................................................................3

   A.  PARTIES TO THE JUDICIAL PROCESS.................................................................3
      1.  *Juror Attentiveness*....................................................................................3
      2.  *Role of the Court*.......................................................................................3
      3.  *Duty of the Jury*........................................................................................4
      4.  *Juror Oath*................................................................................................4
      5.  *Jury to Disregard the Court's View*..........................................................4
      6.  *Conduct of Counsel*..................................................................................5
   B.  IMPROPER CONSIDERATIONS............................................................................5
      1.  *Sympathy*..................................................................................................5
      2.  *Race, Religion, National Origin, Sex, or Age*..........................................5
   C.  EVIDENCE....................................................................................................6
      1.  *Consider Only Testimony and Exhibits*.....................................................6
      2.  *Direct and Circumstantial Evidence*.........................................................6
      3.  *All Available Evidence Need Not Be Produced*.........................................7
   D.  WITNESSES...................................................................................................7
      1.  *Weighing Testimony*..................................................................................7
      2.  *Falsus in Uno*...........................................................................................8
      3.  *Interest in Outcome*...................................................................................8
      4.  *Law Enforcement Witnesses*......................................................................9
   E.  BURDEN OF PROOF........................................................................................9
   F.  INFERENCES................................................................................................10

**PART II: THE LEGAL ELEMENTS**................................................................................11

   A.  EXCESSIVE FORCE......................................................................................11
      1.  *Color of State Law*..................................................................................11
      2.  *Deprivation of a Constitutional Right*.....................................................11
   B.  FAILURE TO INTERVENE...............................................................................13
   C.  PROXIMATE CAUSE......................................................................................15
   D.  DAMAGES...................................................................................................16
      1.  *Compensatory Damages*..........................................................................16
      2.  *Nominal Damages*....................................................................................18
      3.  *Punitive Damages*....................................................................................18
   E.  MULTIPLE CLAIMS......................................................................................19
   F.  MULTIPLE DEFENDANTS..............................................................................20

**PART III: GENERAL REMARKS REGARDING DELIBERATION**................................21

   A.  DUTY TO CONSULT & NEED FOR UNANIMITY.................................................21
   B.  COMMUNICATIONS WITH THE COURT............................................................22
   C.  RIGHT TO SEE EXHIBITS & HEAR TESTIMONY...............................................22

2

Now that the evidence in this case has been presented and the parties have concluded their closing arguments, it is my responsibility to instruct you on the law that governs this case. My instructions will be in three parts:

FIRST:  I will instruct you on the general rules that govern your duty as jurors in a civil case;

SECOND: I will instruct you on the legal elements of plaintiff's claim; and

THIRD:  I will give you some important principles that you will use in your deliberations.

**PART I: GENERAL RULES**

**A.  Parties to the Judicial Process**

***1.   Juror Attentiveness***

You are about to enter your final duty, which is to decide the fact issues in this case. It has been obvious to me and to counsel that you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never lagged and you followed the testimony with close attention. I also would like to express my gratitude to each of the parties for their efforts on behalf of their clients.

I ask that you now give me that same careful attention that you gave at trial.

***2.   Role of the Court***

You have heard all of the evidence in the case, as well as the final arguments of the parties. My responsibility at this point is to instruct you on the law. It is your duty to accept these instructions and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any party has stated a

3

legal principle differently from any that I state to you in these instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law. You must consider my instructions as a whole when you retire to deliberate in the jury room.

You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be – or should be – it would violate your sworn duty to base a verdict on any other view of the law than that which I give you.

### 3. *Duty of the Jury*

As members of the jury, you are the sole and exclusive judges of the facts. You consider the evidence. You determine the credibility of the witnesses. You resolve any conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence. In determining these issues, no one may invade your province or functions as jurors.

### 4. *Juror Oath*

In carrying out your duty, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, and without fear, solely on the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.

### 5. *Jury to Disregard the Court's View*

In the course of the trial, it has been necessary for me to rule on the admission of evidence. You must not conclude from any such rulings I have made, or from any questions I may have asked, or from anything that I have said during the course of the trial, that I favor any party to this lawsuit. I hold no such view. It is your recollection of the evidence and your decision on the issues of fact that will decide this case. You also are to draw no inference from the fact that I occasionally asked questions of certain witnesses.  These questions were only

4

intended for clarification or to expedite matters. They were not intended to suggest any opinion on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

      **6.**   ***Conduct of Counsel***

It is the duty of the parties on each side of a case to object when the other side offers testimony or other evidence that a party believes is not properly admissible. Counsel also have the right and duty to ask me to make rulings of law and to request conferences at side bar out of your hearing. All those questions of law must be decided by me. You should not concern yourselves with, or speculate about, the contents of any colloquy between me and counsel at side bar. You also must not bear any prejudice against any party because that party objected to the admissibility of evidence, asked for a conference out of your hearing, or asked me for a ruling on the law.

**B.  Improper Considerations**

      **1.**   ***Sympathy***

In reaching your verdict, you are not to be swayed by sympathy for the parties; what the reaction of the parties or of the public to your verdict may be; whether it will please or displease anyone; be popular or unpopular; or indeed, by any consideration outside the case as it has been presented to you in this courtroom. You should consider only the evidence, find the facts from what you consider to be the believable evidence, and apply the law as I now give it to you. Your verdict will be determined by the conclusion you reach, no matter whom the verdict helps or hurts.

      **2.**   ***Race, Religion, National Origin, Sex, or Age***

It would be equally improper for you to consider any personal feelings you may have

about one of the parties' race, religion, national origin, sex, or age.

Comment [GA1]: Plaintiff believes the Sand Instructions have been updated to include sexual orientation and we would ask for that and indicate "any of the participants," as one of the witnesses was not heterosexual, and at least one of the attorneys was not either.

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

## C.  Evidence

### 1.  Consider Only Testimony and Exhibits

In deciding this case, you may consider only the exhibits which have been admitted in evidence and the testimony of the witnesses as you have heard it in this courtroom and as it has been read from their sworn testimony before trial. Arguments, remarks, and summation of the parties are not evidence, nor is anything that I may have said with regard to the facts of this case. Anything you may have seen or heard about this case outside the courtroom is not evidence and must be disregarded.

### 2.  Direct and Circumstantial Evidence

There are two types of evidence that you may properly use.

One type of evidence is called direct evidence. Direct evidence is a witness's testimony, or the contents of a document, about what the witness saw, heard, or observed. In other words, when a witness testifies about what is known to him by virtue of his own senses – what he or she sees, feels, touches, or hears – that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse: Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day. As you were sitting here, someone walked in with an umbrella that was dripping wet. Someone else then walked in with a raincoat that was dripping wet. The courtroom does not have windows, so you cannot look outside to see whether or not it is raining – therefore, you

6

have no direct evidence of that fact. But, based on the combination of the other facts, it would be reasonable and logical for you to conclude that it had been raining outside.

That is all there is to circumstantial evidence. You infer, on the basis of reason, experience, and common sense, the existence or the nonexistence of some other fact from an established fact. Circumstantial evidence is of no lesser value than direct evidence – you alone decide what weight to give to all of the evidence.

### 3. *All Available Evidence Need Not Be Produced*

The law does not require any party to call as witnesses all persons who may have been present at any time or place that are involved in this case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

### D. Witnesses

### 1. *Weighing Testimony*

The law does not require you to accept all of the evidence I admitted. It must be clear to you by now that the parties are asking you to draw very different conclusions from the evidence that I admitted. In deciding what evidence you will accept, you must make your own decision about the testimony given by each of the witnesses, and you must decide how much weight you choose to give to that testimony. An important part of that decision will involve making judgments about the credibility of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

As I mentioned when we first began, there is no magical formula by which you evaluate testimony.  You bring with you to this courtroom all of the experiences and backgrounds of your

7

lives. In your everyday affairs, you decide for yourselves the reliability or unreliability of the things that people tell you. The same tests that you use in your everyday dealings apply in your deliberations. The interest or lack of interest of any witness in the outcome of this case; the bias or prejudice of a witness, if there is any; the manner in which the witness gives testimony on the stand; the opportunity that the witness had to observe the facts about which the witness testifies; and the probability or improbability of the witness's testimony when considered in the light of all of the other evidence in the case, are all items to be considered by you in deciding how much weight, if any, you will give to that witness's testimony.

If it appears that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy can be reconciled by fitting the two stories together. If that is not possible, you will have to decide which of the conflicting stories you accept as true.

### 2. *Falsus in Uno*

If you find that any witness has willfully testified falsely as to any material fact – that is, as to an important fact – the law permits you to disregard the entire testimony of that witness on the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. However, you are not required to consider such a witness as totally "unbelievable." You may accept so much of his testimony as you deem true and disregard what you feel is false. By the processes that I have just described to you, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to it.

**Comment [GA2]:** Plaintiff would request no quote marks. To put the word in quotes suggests the word is not a real word. If unbelievable is not quite right, then the words "totally unworthy of belief" should be substituted.

### 3. *Interest in Outcome*

The parties to this lawsuit and other witnesses testified before you. The parties, and some of the other witnesses, are considered interested witnesses, which means they stand to benefit in some way from the outcome of this case.

**Comment [GA3]:** Please add. "None of the third-party witnesses who testified are interested witnesses. Although a witness may be compensated for his time in lost wages, there is nothing wrong with this."

8

An interested witness is not necessarily less believable than a disinterested witness. The fact that he or she is interested in the outcome of the case does not mean that he or she has not told the truth. It is for you to decide from the demeanor of the witness on the stand, and such other tests as your experience dictates, whether or not the testimony has been influenced, intentionally or unintentionally, by the interest. You may, if you consider it proper under all of the circumstances, not believe the testimony of such a witness, even though it is not otherwise challenged or contradicted. However, you are not required to reject the testimony of such a witness, and you may accept all or such part of his testimony as you find reliable and reject such part as you find unreliable.

### 4. Law Enforcement Witnesses

You have also heard the testimony of police officers. The fact that a witness may be employed as a police officer does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

**Comment [GA4]:** Plaintiff believes the following language should be added: "The same is true of a non-law enforcement witness. All witnesses are to be judged equally according to these instructions and your life experience, which helps you judge credibility on a regular basis."

### E.  Burden of Proof

You have heard me say that plaintiff must prove his case by a preponderance of the evidence. The question naturally is, "What does a preponderance of the evidence mean?" To establish a fact by a preponderance of the evidence means to prove that something is more likely true than not true. In other words, a preponderance of the evidence means such evidence that, when considered and compared with the evidence opposed to it, convinces you more and produces in your mind the belief that the facts sought to be proved are more likely so than not so. A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not the quantity of witnesses or documents produced by either party.

The burden of proof rests on plaintiff.  That means that in order for plaintiff to prevail,

the evidence that supports his claim must appeal to you as more nearly representing the truth

than the evidence opposed to his claim. If it does not, or if it weighs so evenly that you are

unable to say that there is a preponderance on either side, then you must decide the question in

favor of defendants. If the evidence favoring plaintiff's claim outweighs the evidence opposed

to it, by any amount you may find find in favor of plaintiff.

> **Comment [GA5]:** (omitted comment)
>
> **Comment [GA6]:** Plaintiff requests that the last sentence be reworded. The word "ONLY" suggests a de minimus amount of chance, and Defendants would surely object to an instruction that says "you may only find in favor of Defendants if only they." Put another way, the instruction as written suggests that Plaintiff's case is weaker or that he has a higher burden. If the "only" language is used for both sides, we would have no problem.

## F. Inferences

During these instructions, you have heard me use the term "inference," and in the parties'

arguments, they may have asked you to infer, on the basis of your reason, experience, and

common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude

that a fact exists on the basis of another fact that you know exists. There are times when

different inferences may be drawn from facts, whether proved by direct or circumstantial

evidence. Plaintiff asks you to draw one set of inferences, while defendants ask you to draw

another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or

speculation. An inference is a deduction or conclusion that you, the jury, are permitted, but not

required, to draw, from the facts that have been established by direct or circumstantial evidence.

10

**PART II: THE LEGAL ELEMENTS**

 I will now turn to the second part of my instructions. In this part, I will instruct you as to the legal elements of plaintiff's claims.

**A.  Excessive Force**

 Plaintiff's first claim is that defendants used excessive force while arresting him on September 1, 2014.

 The law to be applied to this claim is the federal civil rights law, Section 1983 of Title 42 of the United States Code, which provides a remedy for individuals who have been deprived of their constitutional rights by persons acting under color of state law.

 In order to prove a Section 1983 claim against the defendants, the burden is on plaintiff to establish by a preponderance of the evidence the following elements:

 <u>One</u>: that the conduct complained of was committed by persons acting under color of state law; and

 <u>Two</u>: that this conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

 I will now explain these elements in more detail.

 ***1.  Color of State Law***

 <u>The first element of plaintiff's claim is that the defendants acted under color of state law</u>. I instruct you that, since the defendants were acting in their capacity as New York City police officers at the time of the acts in question, they were acting under the color of state law. In other words, the first element of plaintiff's claim is met.

 ***2.  Deprivation of a Constitutional Right***

 <u>The second element of plaintiff's claim is that he was deprived of his constitutional rights by the defendants</u>.  Plaintiff must prove this by a preponderance of the evidence.  Plaintiff alleges

11

that the defendants deprived him of his constitutional rights under the Fourth Amendment of the United States Constitution.

Under the Fourth Amendment, people have the right to be free from the use of unreasonable and therefore excessive force by a police officer in the course of effectuating an arrest. This means that if a police officer uses excessive force while arresting an individual, the police officer has violated that individual's constitutional right protected by the Fourth Amendment. An officer has the right to use such force as is necessary under a given set of circumstances, so the question turns on when necessary force becomes excessive.

The test for determining whether police officers used excessive force while arresting an individual is one of objective reasonableness. This test requires you to determine what amount of force reasonable officers on the scene would have employed under similar circumstances. In other words, you are not to judge the defendants' conduct with the 20/20 vision of hindsight. Not every push or shove by a police officer constitutes excessive force, even if it may later seem unnecessary in the peace and quiet of this courtroom. Officers must make split-second judgments about their actions and about the amount of force that is necessary in a particular situation.

Additionally, you do not need to determine whether the defendant officers used the least possible amount of force or whether the defendants had less intrusive alternatives available. This is because the defendants only need to act within the range of conduct identified as objectively reasonable. On the other hand, the use of force the leaves a mark or a bruise on the arrestee is generally [or presumably] considered excessive

In making a determination as to objective reasonableness, you may consider such factors as: (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of plaintiff's injuries, (4) the nature and severity of the

**Comment [GA7]:** Plaintiff believes this should not be underlined. We would not object to saying, "The test for objective reasonableness," but underlining this language gives it undue weight.

**Comment [GA8]:** Plaintiff believes that this language should be inserted per the authorities cited in Plaintiff's proposed instructions.

crime, if any, leading to the arrest, (5) whether plaintiff posed an immediate threat to the safety of the officers or others, and (6) whether plaintiff was actively resisting arrest or attempting to evade arrest by flight.

These factors are only meant to assist you with your deliberations; they are not exclusive. Again, the overall question you should be asking yourselves is the amount of force reasonable officers would have used under similar circumstances.

Finally, you cannot take into account any perceptions you may have regarding the defendants' underlying intent or motivation. Even if an officer acts with evil intentions, that officer will not have violated an individual's Fourth Amendment right if he used an objectively reasonable amount of force under the circumstances. Conversely, even if an officer acts with good intentions, that officer will have violated plaintiff's Fourth Amendment right if he used an objectively unreasonable amount of force under the circumstances.

**B. Failure to Intervene**

Plaintiff's next claim is that the defendants violated plaintiff's constitutional rights by failing to intervene on his behalf to prevent him from being subjected to excessive force.

Before I tell you about the elements of that crime, I need to instruct on you when you can consider the failure-to-intervene claim. You may only consider this claim if you find that plaintiff has proven by a preponderance of the evidence that plaintiff was subjected to force that was excessive. Put differently, if you find that no police officer subjected plaintiff to force that was excessive, then there can be no failure to intervene and you cannot consider this claim.

However, it is important to note that you cannot find a defendant liable for both excessive force and failure to intervene at the same time for the same conduct.  That should make sense – an officer cannot be liable for failing to intervene as to himself.  So you have to ask yourself as to each one of the defendants, "Did this individual use excessive force?"  If the answer is "no,"

13

then you do not consider the failure-to-intervene claim as to the other two officers for that particular defendant.  If the answer is "yes, this defendant did use excessive force," then you need to consider whether the other two officers could have intervened to prevent the use of force.

Now, I am going to instruct you on the failure-to-intervene claim. The law is that even if an officer is not personally involved in an arrest, all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.  An officer who fails to intervene is liable for the preventable harm caused by the actions of another officer if the first officer either observes or has reason to know that a constitutional violation has occurred or is occurring. This means that if a police officer either observes or has reason to know that excessive force is being used, that police officer has an affirmative duty to stop the use of excessive force.

Thus, for plaintiff to succeed on his failure to intervene claims against the defendants, he must prove by a preponderance of the evidence each of the following four elements:

First, plaintiff must prove that one or more police officers subjected him to excessive force;

Second, plaintiff must prove that the defendant officers knew or observed that the use of excessive force was occurring;

Third, plaintiff must prove that the defendant officers had a realistic opportunity to prevent the assault. A realistic opportunity to intervene means that the defendant had sufficient time to intercede and a capability to prevent the harm.

Fourth, plaintiff must prove that the defendant officers failed to take reasonable measures to end the use of excessive force.

If you find that plaintiff has met these four elements and proven by a preponderance of

14

the evidence that he was subjected to excessive force by one or more of the defendants and that the other defendants knew about it and did not attempt to stop it even though they had a realistic opportunity to do so, you must find for plaintiff. If you find that plaintiff did not prove by a preponderance of the evidence that he was subjected to excessive force or that the defendants either did not know that excessive force was occurring or were unable to realistically intervene, than you must find for the defendants.

**C.  Proximate Cause**

> Even if you find that plaintiff has proven his case for either excessive force or failure to intervene, he is still not entitled to damages unless plaintiff also proves by a preponderance of the evidence that the defendants' acts or omissions were a proximate cause of the injuries sustained by plaintiff. Proximate cause means that there is a sufficient causal connection between the acts or omissions of the defendants and any injury or damage sustained by plaintiff.

> An act or omission is a proximate cause of an injury if it was a substantial factor in bringing about or actually causing the injury, that is, if the injury was a reasonably foreseeable consequence of the defendants' acts or omissions. If an injury was a direct result, or a reasonably probable consequence of the defendants' act or omission, it was proximately caused by such act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

> To recover damages for any injury, plaintiff must show, by a preponderance of the evidence, that his injury would not have occurred without the acts or omissions of the defendants. If you find that the defendants have proven, by a preponderance of the evidence, that plaintiff complains about an injury that would have occurred even in the absence of

15

**Comment [GA9]:** Plaintiff believes this is a typo and should read "then," but we consider the instruction otherwise reasonable

defendant's acts or omissions, you must find that the defendants did not proximately cause plaintiff's injury.

A proximate cause does not always need to be the nearest cause of the injury either in time or space. In addition, there may be more than one proximate cause for an injury. Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury. The defendants are not liable if they did not cause plaintiff's injuries or if plaintiff's injuries were caused by new or independent sources that intervened between the defendants' acts or omissions and plaintiff's injuries and produced a result that was not immediately foreseeable by the defendants.

**D.  Damages**

I will now instruct you on the law of damages. The fact that I am instructing you on the law of damages does not mean that I have any opinion as to whether or not plaintiff has proven any or all of his claims.  I have no opinion, and it is entirely for you to decide.

The fact that I am giving you instructions on damages also does not mean that you must reach the issue of damages. You should not reach the issue of damages unless you find that plaintiff has established liability on his claims.

I also want to tell you that federal law provides for a separate award of attorneys' fees if plaintiff prevails in this case. The award of attorneys' fees is a matter to be determined by the Court. Therefore, if you award any damages to plaintiff, you should not take into account the fees that plaintiff may have to pay his attorneys.

I will now explain to you the law concerning the types of damages.

*1.  Compensatory Damages*

If you return a verdict for plaintiff, then you may award him such sum of money as you

16

believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendants. These damages are called compensatory damages. The purpose of compensatory damages is to make plaintiff whole – to compensate him for the damage that he has proven by a preponderance of the evidence.

Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendants. You should not award compensatory damages for speculative injuries, but only for those injuries that plaintiff has actually suffered, or that plaintiff is reasonably likely to suffer in the future.

Additionally, you must award actual damages for only those injuries that you find plaintiff has proven by a preponderance of the evidence to have been proximately caused by the conduct of the defendant or defendants you have found liable. That is, you may not simply award actual damages for any injury suffered by plaintiff – you must award actual damages for only those injuries that were proximately caused by the actions or omissions of the defendants here.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial and only on that evidence.

In determining what damages to award, you should not guess at what amount would make plaintiff whole. Although the law does not require that plaintiff prove the amount of his losses with mathematical precision, he does have to prove his losses with the definiteness and accuracy that the circumstances permit.

Plaintiff may not recover for any injury that existed prior to the September 1, 2014 arrest or for any injury that was not caused by the alleged violation of his rights at issue here. You may, however, compensate plaintiff to the extent that you find that he was further injured by the

17

acts or omissions of the defendants.

There is no claim in this case that plaintiff sustained any loss of income or other economic loss. So, in calculating compensatory damages, you should not include any amount for those kinds of losses.

### 2.  *Nominal Damages*

Now I will tell you about nominal damages. If you return a verdict for plaintiff on any of his claims, but then find that he failed to prove by a preponderance of the evidence that he suffered any actual injuries or damages for that claim as a result of the actions or omissions of the defendants, then you may, but do not have to, return an award of damages in the nominal amount of not more than one dollar.

Nominal damages are awarded when a plaintiff has been deprived of a constitutional right, but he has proved no compensatory damages as a proximate consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person because he is entitled to be free from such deprivation of rights. This is true even when no actual damages flow from the deprivation.  Therefore, if you find that plaintiff did not prove any injuries as a result of the defendants' conduct other than the fact of a constitutional deprivation, then you may award nominal damages not to exceed one dollar.

### 3.  *Punitive Damages*

Plaintiff also seeks an award of punitive damages. If you return a verdict for plaintiff on any of his claims, you may award him punitive damages. An award of punitive damages is discretionary. This means that if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. You may award plaintiff punitive damages even if you determine that he has not proven compensatory damages by a preponderance of the evidence.

18

Punitive damages are awarded to punish the defendants for extreme or outrageous conduct and to deter or prevent the defendants and others like them from committing such acts in the future. You may award plaintiff punitive damages if you find that any of the acts committed by the defendants were done maliciously or wantonly. The defendants acted maliciously if their actions were prompted by ill will or spite towards plaintiff.  The defendants' actions were wanton if they acted in a reckless or callous disregard of, or indifference to, plaintiff's rights. Plaintiff has the burden of proving that, by a preponderance of the evidence, the defendants acted maliciously or wantonly.

In making this decision, you should consider the underlying purpose of punitive damages. Thus, in deciding whether to award punitive damages, you should consider whether the defendants may be adequately punished by an award of compensatory or nominal damages only, or whether their conduct was so extreme and outrageous that those damages are inadequate to punish the wrongful conduct. You should also consider whether compensatory or nominal damages, standing alone, are likely to deter or prevent these defendants from similar wrongful conduct in the future, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the defendants may have committed.

If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages.

**E.  Multiple Claims**

I also want to discuss how you should address the fact that there are multiple claims against multiple defendants in this case. As you can see by these instructions, plaintiff has brought more than one claim. Plaintiff cannot, however, recover more than once for the same injury.  If you find that more than one of plaintiff's rights was violated, you must remember, in

calculating the damages, that plaintiff is entitled to be compensated only for injuries he actually suffered.

Thus, if a defendant violated more than one of plaintiff's rights, but the resulting injury was no greater than it would have been had the defendant violated only one of those rights, you should award an amount of compensatory damages no greater than you would award if the defendant had violated only one of plaintiff's rights. For example, if plaintiff were to prevail on both claims and establish a one dollar injury, you could not award him one dollar compensatory damages on each claim – he is only entitled to be made whole again, not to recover more than he lost.

If, on the other hand, a defendant violated more than one of plaintiff's rights and you can identify separate injuries resulting from the separate violations, you should award an amount of compensatory damages equal to the total of the damages you believe will fairly and justly compensate plaintiff for each injury.

With respect to punitive damages, you may make separate awards on each claim that is established.

As I told you before, plaintiff has brought an excessive force claim and a failure-to-intervene claim. Plaintiff's alleged injuries are the same for both claims, and he cannot recover more than once for the same injuries. Therefore, if you find that plaintiff has prevailed on his excessive force claim, you should not award him any additional damages to compensate him for his failure-to-intervene claims.

**F. Multiple Defendants**

You must be careful to impose any damages that you may award plaintiff solely on the defendant or defendants whom you find to be liable for that injury. Although there are three individual defendants in this case, it does not follow that if one is liable, all or any one of the

20

others are liable, as well. Each defendant is entitled to fair, separate, and individual consideration without regard to your decision as to the other defendants. If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only on that defendant.

Nevertheless, you might find that more than one defendant is liable for a particular injury. If two or more persons unite in an act that violates another person's rights, then all of those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable. Thus, if the defendants whom you find to be liable acted jointly, then you may treat them jointly for purposes of ongoing damages. If you decide that two or more of the defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages.

**PART III: GENERAL REMARKS REGARDING DELIBERATION**

**A.  Duty to Consult & Need for Unanimity**

Now that I have outlined for you the rules of law applicable to the allegations in this case and the processes by which you should weigh the evidence and determine the facts, I will give you some guidance for use in your deliberations.

You are about to go into the jury room and begin your deliberations. Your function, to reach a fair conclusion from the law and the evidence, is an important one. Your verdict must be unanimous.  That is, all of you must ultimately reach the same conclusion.

Each juror is entitled to his opinion, and each juror should exchange views with his fellow jurors. That is the very purpose of jury deliberation – to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence – if you

21

can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration of the evidence in this case with your fellow jurors. You should not hesitate to change an opinion that, after discussion with your fellow jurors, appears erroneous. However, if, after carefully considering all of the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered. Your final vote must reflect your conscientious conviction as to how the issues should be decided.

**B.   Communications with the Court**

No member of the jury should attempt to communicate with me or with any court personnel by any means other than a signed writing. All communication should be in writing, signed by your foreperson, whom I am going to appoint, and given to one of the Court Security Officers. I will respond to any questions or requests you have as promptly as possible, either in writing, or by having you return to the courtroom, so I can speak with you in person. In any event, do not tell me or anyone else, not even in open court, how the jury stands, numerically or otherwise, on the issue of the defendants' liability until after a unanimous verdict is reached. I will not communicate with any member of the jury on any subject touching on the merits of this case other than in writing or orally here in open court.

**C.   Right to See Exhibits & Hear Testimony**

If during your deliberations you want to see any of the exhibits that are not already available to you in the jury room, you may make a request in writing and give it to the Court Security Officer. If you find you need to have a portion of the testimony read back to you, this can be done. However, please remember that it is not always easy to locate what you might want, so please be as specific as you possibly can in requesting exhibits or portions of the testimony that you may want to review.

**Comment [GA10]:** It is Plaintiff's preference to send all exhibits in with the jury when it retires.

22

When you have reached a verdict, please send a note signed by your foreperson that you have reached a verdict. Do not indicate in the note what the verdict is. I have prepared a verdict form that you will have with you in the jury room, but do not send that verdict sheet out with the note that says you have reached a verdict. The verdict form contains questions, and the answers to those questions will constitute your verdict. After the questions are completed, the foreperson should sign and date the verdict form and bring it into the courtroom when I call you back to deliver your verdict. You may not infer from the fact that questions are submitted to you or from the wording of the questions, or from anything that I have said or say in instructing you concerning the questions, that it is the Court's view that your answer to any of the questions should be one way or the other.

*       *       *

Your oath sums up your duty – and that is – you will, without fear or favor to any persons, conscientiously and truly try the issues before you according to the evidence given to you in court under the law.

23