```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
LERIN PIERCE,                                               :
                                                            :
                          Plaintiff,                        :    **MEMORANDUM**
                                                            :    **DECISION AND ORDER**
            - against -                                     :
                                                            :
THE CITY OF NEW YORK, POLICE                                :    16-cv-5703 (BMC)
OFFICER TAQI, POLICE OFFICER                                :
BELARDO, and POLICE SERGEANT                                :
MERCADO,                                                    :
                                                            :
                          Defendants.                       :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff moves the Court to enter partial final judgment in favor of defendants Officer Taqi and Sergeant Mercado and to certify for interlocutory appeal the order granting a new trial in favor of defendant Officer Belardo so that plaintiff may immediately appeal both the judgment and the new-trial order. For the reasons that follow, plaintiff's motion is denied.

## BACKGROUND

This case arises out of an incident in which plaintiff was struck by a police car while running across Flatbush Avenue in Brooklyn as he fled from police. Plaintiff sued three police officers – the officer driving the car, an officer passenger, and an officer who pursued him on foot. Plaintiff alleged that Officer Belardo (the driver) used excessive force by hitting him with her vehicle and that Sergeant Mercado (a passenger) failed to intervene to stop her. He also alleged that, after the car hit him, Officer Taqi (the officer on foot) and Sergeant Mercado used excessive force by punching and kicking him while they handcuffed him, and that they and Officer Belardo failed to intervene to stop that use of excessive force during his arrest.

At trial, a jury found that Officer Taqi was not liable as to either claim, that Sergeant Mercado did not use excessive force, and that Officer Belardo did not fail to intervene. But the jury found that Officer Belardo used excessive force and that Sergeant Mercado failed to intervene to prevent the use of excessive force. The jury awarded plaintiff $3,000 in compensatory damages ($2,000 from Officer Belardo and $1,000 from Sergeant Mercado), and $12,000 in punitive damages (divided evenly between them).

After jury issued its verdict, both Sergeant Mercado and Officer Belardo renewed their motion for judgment as a matter of law; they also moved for a new trial. After both sides briefed the motions, I granted judgment as a matter of law in favor of Sergeant Mercado, concluding that there was no evidence that he had a realistic opportunity to intervene to prevent the police car from striking plaintiff.

As to Officer Belardo, I denied judgment as a matter of law because, taking the evidence in the light most favorable to plaintiff (including his own testimony at trial that Officer Belardo sped up to hit him), there was some evidence that she intentionally struck plaintiff with the police car. But I granted Officer Belardo a new trial because the verdict against her was against the clear weight of the evidence. Plaintiff's own testimony and the evidence of his injuries simply did not support the conclusion that Officer Belardo intentionally or recklessly caused a contact with the plaintiff, or that the police car was going anywhere near 40-45 mph when it collided with him (as testified a third-party witness who was sitting in the back seat of the police car at the time).

Plaintiff then filed the present motion. He asks the Court to enter judgment for Officer Taqi and Sergeant Mercado under Federal Rule of Civil Procedure 54(b) and to find that the

order granting Officer Belardo a new trial meets the requirements of 28 U.S.C. § 1292(b), which would permit plaintiff to immediately appeal both orders to the Second Circuit.

**DISCUSSION**

There is a "historic federal policy against piecemeal appeals." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980). Federal Rule of Civil Procedure 54(b) applies this policy by authorizing a district court to enter partial final judgment "as to one or more, but fewer than all, claims or parties," only under very particular circumstances: where (1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been finally determined; and (3) "the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); see Acumen Re Mgmt. Corp. v. Gen. Sec. Nat. Ins. Co., 769 F.3d 135, 140 (2d Cir. 2014). Relief under Rule 54(b) is exceptional: A district court should only certify an interlocutory appeal where this is "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." O'Bert ex rel. Estate of O'Bert v. Vargo, 331 F.3d 29, 41 (2d Cir. 2003) (quoting Brunswick Corp. v. Sheridan, 582 F.2d 175, 183 (2d Cir. 1978)).

The Second Circuit has "repeatedly noted that the district court generally should not grant a Rule 54(b) certification 'if the same or closely related issues remain to be litigated.'" Novick v. AXA Network, LLC, 642 F. 3d 304, 311 (2d Cir. 2011) (quoting Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991)). And, when deciding "whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved." Curtiss-Wright Corp., 446 U.S. at 8. To this end Supreme Court has admonished that "[n]ot all final judgments on

3

individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." Id.

In this case, the issue that plaintiff seeks to appeal immediately (whether the Court correctly granted judgment as a matter of law to Sergeant Mercado on the failure-to-intervene claim) is closely related to – indeed, derivative of – the claim that remains to be litigated (whether Officer Belardo used excessive force when her vehicle struck plaintiff). Resolving the former would require the Second Circuit to consider many of the same issues it would have to consider in any appeal of the latter after the new trial. This is the precise circumstance in which the Second Circuit has said that entry of partial final judgment under Rule 54(b) is inappropriate. See Novick, 642 F.3d at 314.

Denying plaintiff's motion would avoid a significant potential duplication of effort. If the jury finds Officer Belardo liable after a new trial, a Second Circuit panel could consider any appeal of that verdict or other judgment together with plaintiff's appeal of the judgment in favor of Sergeant Mercado, which would involve many of the same law and facts. Alternatively, should Officer Belardo be found not liable for excessive force at the new trial, plaintiff's appeal of the grant of judgment as a matter of law in favor of Sergeant Mercado will be moot, obviating the need for an appeal at all. Plaintiff himself argues in his motion that the claims against the two officers are "factually intertwined" and should be considered by the Court of Appeals at the same time. Granting certification as plaintiff requests here could lead to two separate appeals before two different panels based on the same set of facts – an extremely inefficient outcome without any perceptible benefit.

Plaintiff also seeks leave, pursuant to 28 U.S.C. § 1292(b), to immediately appeal the order granting a new trial in favor of Officer Belardo. Section 1292(b) permits district courts to

certify an interlocutory order for appeal if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion," and the court concludes "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 42 U.S.C. § 1292(b).  That an interlocutory appeal under § 1292 is only available for controlling questions of law corresponds with the Second Circuit's policy of declining to decide matters of "evidence sufficiency" on an interlocutory appeal, even where the underlying order could be appealed immediately on other grounds.  See Davidson v. Chestnut, 193 F.3d 144, 150 (2d Cir. 1999) (declining interlocutory review of the denial of qualified immunity and remanding for the district court to determine whether defendant prison officials would have taken the same actions absent any retaliatory motive).

This is no question of law at issue here, let alone one about which there is a "substantial ground for difference of opinion."  The parties do not disagree about the standard for excessive force, nor about any other legal issue.  I granted Officer Belardo a new trial because the verdict was against the great weight of evidence – a fact-intensive decision of the type that the Second Circuit could not review without resort to the record, which makes certification inappropriate.  See Linde v. Arab Bank, PLC, 97 F. Supp. 3d 287, 350 (E.D.N.Y. 2015).  And, as described above, certifying the order granting a new trial would be very inefficient; it certainly would not "materially advance the ultimate termination of the litigation."

## CONCLUSION

Plaintiff's motion [145] for entry of judgment under Rule 54(b) and to certify an interlocutory appeal is DENIED.

**SO ORDERED.**

                                                            U.S.D.J.

Dated: Brooklyn, New York
        February 1, 2018