16 CV 5703 (RJD)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LERIN PIERCE,

                                               Plaintiffs,

- against -

P.O. BELARDO,

                                               Defendant.

**DEFENDANT BELARDO'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTIONS *IN LIMINE***

ZACHARY W. CARTER
Corporation Counsel of the City of New York
Attorney for Defendant Belardo
100 Church Street
New York, N.Y. 10007
Of Counsel: Valerie E. Smith
Tel: (212) 356-2398

# Table of Contents

**PRELIMINARY STATEMENT & BACKGROUND**................................................................. 1

**ARGUMENT** ................................................................................................................................ 2

    **POINT I** ........................................................................................................................... 2

        **THE COURT'S PRIOR RULINGS ON MOTIONS IN LIMINE SHOULD APPLY** ............................................ 2

    **POINT II**.......................................................................................................................... 4

        **PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE AND/OR MAKING ARGUMENTS THAT RELATE SOLELY TO CLAIMS THAT HAVE BEEN DISMISSED WITH PREJUDICE** ............................. 4

    **POINT III** ........................................................................................................................ 7

        **PLAINTIFF SHOULD BE PRECLUDED FROM CALLING ASHELY HOLLOWAY AND BRANDON TILGHMAN AT TRIAL**........................................... 7

    **POINT IV** ...................................................................................................................... 11

        **PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING CERTAIN EXHIBITS** ............................... 11

    **POINT V** ....................................................................................................................... 12

        **DEFENDANT RESERVES HER RIGHT TO FILE SUPPLEMENTAL MOTIONS *IN LIMINE*.** ................................................................... 12

**CONCLUSION** ......................................................................................................................... 13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Adams v. City of New York,
   993 F. Supp. 2d 306 (E.D.N.Y. 2014) ...................................................................................10

Brutus v. Silverseal Corp.,
   06 Civ. 15298 (LAP), 2010 U.S. Dist. LEXIS 81488 (S.D.N.Y. July 29, 2010) ......................7

Castro v. City of New York,
   06-CV-2253 (KAM) (RER), 2009 U.S. Dist. LEXIS 69723 (E.D.N.Y. Aug.
   10, 2009) ................................................................................................................................7, 8

Eng v. Blood,
   04 Civ. 1146 (NAM) (GHL), 2008 U.S. Dist. LEXIS 54802 (N.D.N.Y. July
   17, 2008) ....................................................................................................................................5

Faruki v. City of New York,
   517 Fed. App'x. 1 (2d Cir. 2013)..............................................................................................6

Graham v. Connor,
   490 U.S. 386 (1989)...................................................................................................................6

Levitant v. City of New York Human Res. Admin.,
   05-CV-230 (KAM) (MDG), 2011 U.S. Dist. LEXIS 20742 (E.D.N.Y. Feb. 28,
   2011) ..........................................................................................................................................7

Lightfoot v. Union Carbide Corp.,
   110 F.3d 898 (2d Cir. 1997).......................................................................................................9

In re PCH Assoc.,
   949 F.2d 585 (2d Cir. 1991).......................................................................................................2

Scottish Air Int'l v. British Caledonian Grp., PLC.,
   152 F.R.D. 18 (S.D.N.Y. 1993) .................................................................................................2

United States v. Paulino,
   445 F.3d at 216-17 ..................................................................................................................10

United States v. Uccio,
   940 F.2d at 758 .........................................................................................................................2

**Statutes**

42 U.S.C. § 1983........................................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 26 ........................................................................................................... 3, 11, 12

Fed. R. Civ. P. 50 ................................................................................................................... 1, 5

Fed. R. Civ. P. 59 ................................................................................................................... 1, 5

Fed. R. Evid. 402 ................................................................................................................. passim

Fed. R. Evid. 403 ................................................................................................................. passim

Fed. R. Evid. 602 ............................................................................................................. 7, 8, 11

Fed. R.Evid. 701 ................................................................................................................... 9, 10

Fed. R. Evid. 801 ........................................................................................................................ 10

Fed. R. Evid. 802 .......................................................................................................................... 8

Fed. R. Evid. 901 ........................................................................................................................ 12

**Other Authorities**

18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure
    § 4478, at 788 (1981) ........................................................................................................ 2

1B J. Moore, J. Lucas & T. Currier, Moore's Federal Practice
    para. 0.404[1] (1991) ........................................................................................................ 2

## PRELIMINARY STATEMENT & BACKGROUND

Plaintiff Lerin Pierce brings this action pursuant to 42 U.S. C. § 1983 against defendant Sonia Belardo alleging that on September 1, 2014, he was subjected to excessive force. This matter previously proceeded to trial before the Honorable Judge Brian M. Cogan on June 12, 2017 (hereinafter "Pierce I"). In connection with Pierce I, Judge Cogan rendered decisions on the parties' motions *in limine*. See ECF No. 103. On June 16, 2017, the jury returned a verdict in in favor of Officer Taqi and Sergeant Mercado on plaintiff's claim of excessive force and in favor of Officer Taqi on plaintiff's claim for failure to intervene. The jury, however, returned a verdict against Officer Belardo on plaintiff's excessive force claim and against Ivan Mercado on plaintiff's failure to intervene claim in the amount of $15,000. See ECF No. 126.

On December 11, 2017, following post-trial motion practice, the Court dismissed plaintiff's claim against Sergeant Mercado for failure to intervene pursuant to FED. R. CIV. P. 50. See ECF No. 144. The Court also granted a new trial, pursuant to FED. R. CIV. P. 59, as it pertained to plaintiff's excessive force claim against Officer Belardo. On February 1, 2018, this matter was reassigned to the Honorable Judge Raymond J. Dearie for the retrial of plaintiff's sole remaining claim of excessive force alleged against defendant Belardo (hereinafter "Pierce II").

Pierce II is scheduled to be retried on May 13. 2019. Defendant Belardo, by her attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submits this memorandum of law in support of her motion seeking the following *in limine* relief: (1) the Court apply the prior rulings on the parties' motions *in limine*; (2) plaintiff should be precluded from making arguments and offering evidence related to dismissed claims; (3) plaintiff should be precluded from offering the testimony of Brandon Tilghman and Ashley Holloway; and (4)

plaintiff should be precluded from introducing certain exhibits. For the reasons set forth herein, defendant's motion should be granted in its entirety.

## ARGUMENT

## POINT I

## THE COURT'S PRIOR RULINGS ON MOTIONS *IN LIMINE* SHOULD APPLY

There is no need to re-litigate what has already been litigated and decided by the Court. The Court should therefore apply the law of the case doctrine. Under the law of the case doctrine, "a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent states of the same litigation," so that the parties have reliable guidance in how to content their affairs. In re PCH Assoc., 949 F.2d 585, 592 (2d Cir. 1991) (citing 1B J. Moore, J. Lucas & T. Currier, Moore's Federal Practice para. 0.404[1], at 117 (1991). "Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit" Id. (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478, at 788 (1981). Moreover, the law of the case doctrine counsels against reconsideration absent "compelling circumstances," including an intervening change of law, the availability of new evidence, or to correct a clear error or prevent manifest injustice. See Scottish Air Int'l v. British Caledonian Grp., PLC., 152 F.R.D. 18, 25 (S.D.N.Y. 1993) (citing Diduck v. Kaszycki & Sons Contractors, Inc.,737 F. Supp. at 796-97); see also United States v. Uccio, 940 F.2d at 758 ("When a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case" . . . absent 'cogent' or 'compelling' reasons.") (quoting Doe v. New York City Dep't of Social Servs., 709 F.2d 782, 789 (2d Cir.), *cert. denied,* 464 U.S. 864 (1983)). There are no

cogent or compelling reasons why the Court should reconsider the decisions previously made by Judge Cogan, and the prior rulings should apply to the instant matter.

On June 9, 2017, Judge Cogan issued rulings on the parties' previous motions *in limine* holding that: (1) plaintiff shall not reference the City of New York or John Does; (2) plaintiff is precluded from referring to Corporation Counsel as "City of New York attorneys" or "City attorneys"; (3) plaintiff is precluded from suggesting a specific dollar amount to the jury; (4) should plaintiff testify that he did not steal from Radio Shack, the Court will issue a limiting instruction to the jury that plaintiff's arrest was legal; (5) defendant is precluded from offering into evidence the steak knife recovered from plaintiff; (6) plaintiff is precluded from inquiring about any disciplinary histories or other civil rights actions filed against defendant or witness officers; (7) plaintiff is precluded from mentioning the Internal Affairs Bureau ("IAB") investigation, from using the audio files of the IAB interviews, and from calling Sergeant Ming to testify at trial; (8) plaintiff is precluded from making any reference to any unrelated examples of excessive force that have been publicized and from arguing that this case is "about being black and confronting the police"; (9) defendant is precluded from raising plaintiff's prior arrests unless plaintiff opens the door by testifying about his alleged emotional damages, in which case, defendant may use plaintiff's prior arrests and prior detention time to rebut the claim of distress; (10) plaintiff is precluded from testifying as to his belief regarding causation or the medical diagnosis related to his injuries; (11) because plaintiff failed to comply with the expert disclosure requirement of Fed. R. Civ. P. 26, his treating physician's testimony was limited to their treatment and observations of plaintiff; (12) plaintiff may offer certain portions of the deposition of Ashley Holloway, assuming she is unavailable; and (13) plaintiff is precluded from offering a

3

reenactment video and certain photographs into evidence. See Pierce v. City of New York, 16 CV 5703 (BMC) (RML), at ECF No. 103.[1]

Under the law of the case doctrine, absent compelling circumstances, the Court should apply Judge Cogan's prior rulings as they are binding precedent to be followed in subsequent stages of the same litigation. The law of the case doctrine should be followed here so that the parties do not have to spend additional time re-litigating the same issues which have already been decided, which could potentially lead to inconsistent rulings and, in the same vein, the Court can save its own resources. For all these reasons, Your Honor should adopt all of Judge Cogan's previous rulings on the parties' *in limine* motions.

## POINT II

### PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE AND/OR MAKING ARGUMENTS THAT RELATE SOLELY TO CLAIMS THAT HAVE BEEN DISMISSED WITH PREJUDICE

Plaintiff should be precluded from introducing evidence or making arguments that relate solely to claims that were dismissed with prejudice by Judge Cogan in his decision on defendant's post-trial motions. See ECF No. 144. In particular, plaintiff should not be permitted to put forth any evidence or arguments regarding (1) any claim for use of force or failure to intervene by Zeeshan Taqi or Ivan Mercado; (2) any alleged use of force that took place after plaintiff's body came into contact with the police vehicle; and (3) any reference that Officer Taqi and Sergeant Mercado were previously defendants. Plaintiff should also be precluded from making any arguments that his alleged physical and emotional damages were caused by the

---

[1] During the course of the trial in Pierce I, Judge Cogan held that these rulings applied until or unless a party opens the door. In which case, questioning would be permitted.

4

arrest itself. In fact, Judge Cogan found that plaintiff's claim for alleged physical and emotional damages is limited to those which were allegedly incurred as a result of the alleged use of force by the police vehicle.

The Court previously dismissed plaintiff's failure to intervene claim against Sergeant Mercado. Thus, any evidence regarding claims that previously have been adjudicated and dismissed by the Court should be barred as irrelevant to plaintiff's remaining claims. See Eng v. Blood, 04 Civ. 1146 (NAM) (GHL), 2008 U.S. Dist. LEXIS 54802, *9-11 (N.D.N.Y. July 17, 2008) (barring testimony or evidence on emotional damages stemming from dismissed claim as not relevant to remaining claim).

Likewise, allowing any evidence or testimony at trial regarding the claims previously dismissed by the Court would be unduly prejudicial as defendant has already expended significant resources briefing these claims, and would be required to expend additional resources preparing for the potential defense of these issues at trial. Lastly, any evidence or testimony regarding previously dismissed claims would be confusing and would mislead the jury. Fed. R. Evid. 402, 403.

Similarly, plaintiff should be precluded from referencing the fact that Zeeshan Taqi and Ivan Mercado were once defendants to the action. Any mention of this information would be both prejudicial and an attempt by plaintiff to improperly re-litigate his claims against them, which have already been dismissed with prejudice. The fact that they were once defendants has absolutely no probative value in determining whether plaintiff's constitutional rights were violated by defendant Belardo, who is the sole remaining defendant in this action. To the contrary, mentioning that they were once defendants would potentially confuse the jury as to whether they are still defendants. Further, allowing plaintiff to offer evidence that Taqi and

Mercado were once defendants would not only lead the jury speculate as to why they are not presently defendants, but would likely lead to jury speculate as to why Belardo is still a defendant. Any such evidence therefore risks an impermissible and incorrect inference that there is some culpability on the part of defendant Belardo simply because she remains as a party whereas the other two defendants were dismissed from the case.

Plaintiff should also be precluded from making any arguments which imply that officers were not entitled to use *any* level of force to effectuate the arrest of the plaintiff. Indeed, plaintiff's voluntary withdrawal of the false arrest claim demonstrates that the officers were entitled to use *some* level of force to effectuate the plaintiff's arrest. The United States Supreme Court has recognized, on many occasions, "that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof . . ." Graham v. Connor, 490 U.S. 386, 396 (1989) (citations omitted). Thus, "[d]etermining whether the force used to effect a particular seizure is 'reasonable' . . . requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment's interests' against the countervailing governmental interests at stake." Id. (citations omitted). Whether or not force was used and whether or not that force was reasonable is a question left to the jury. See Faruki v. City of New York, 517 Fed. App'x. 1, 2 (2d Cir. 2013) (holding that "[o]fficers are entitled to use some degree of force when restraining a suspect during an arrest").

The law is clear that, where a lawful arrest has been made, some level of force is permitted in order to effectuate the arrest. Should plaintiff be permitted to argue to the contrary, a potential verdict could be inconsistent and contrary to the law. Such argument would be prejudicial to defendant Belardo and confusing to the jury. The jury's deliberation is not whether the defendant was entitled to use *any* force, but whether the alleged force used was reasonable

6

under the circumstances. As such, plaintiff should be precluded from arguing that defendant was prohibited from using any force at all to apprehend plaintiff and from mentioning the alleged force that occurred after plaintiff came into contact with the police vehicle. Plaintiff's remaining claim is narrow; it is limited to any alleged physical and emotional damages arising from the alleged force used by defendant Belardo. Any mention of other theories of liability or damages would be confusing to the jury, prejudicial to defendant Belardo, and may lead to an inconsistent verdict.

### POINT III

### PLAINTIFF SHOULD BE PRECLUDED FROM CALLING ASHELY HOLLOWAY AND BRANDON TILGHMAN AT TRIAL

Plaintiff intends to call his ex-girlfriend, Ashley Holloway, at trial by using unidentified portions of her video recorded deposition and transcript, and intends to call his friend, Brandon Tilghman. See JPTO. However, Ms. Holloway and Mr. Tilghman have no direct knowledge of this incident and should therefore, both be precluded from trial.

Fed. R. Evid. 402, 403, and 602 require that any testimony provided by a witness at trial be both relevant and based upon personal knowledge. Where testimony is not relevant, it should be precluded. Levitant v. City of New York Human Res. Admin., 05-CV-230 (KAM) (MDG), 2011 U.S. Dist. LEXIS 20742, at **13-14 (E.D.N.Y. Feb. 28, 2011) (precluding testimony of witnesses who had no personal knowledge of the events alleged in the suit); Castro v. City of New York, 06-CV-2253 (KAM) (RER), 2009 U.S. Dist. LEXIS 69723, at **19-20 (E.D.N.Y. Aug. 10, 2009) (same); Brutus v. Silverseal Corp., 06 Civ. 15298 (LAP), 2010 U.S. Dist. LEXIS 81488, at *3 (S.D.N.Y. July 29, 2010) (precluding the testimony of witnesses who had no "personal knowledge of any disputed facts" and whose testimony, therefore, "would waste time and be likely to confuse the jury."). This is especially so where the testimony to be

7

given would cause delay, confusion for the jury, or prejudice to the defendant. <u>Castro</u>, 2009 U.S. Dist. LEXIS 69723, at *20 (finding that the probative value of non-percipient witness testimony against defendant was "outweighed by the danger of unfair prejudice to defendant, confusion of the issues, misleading of the jury, and undue delay.").

Plaintiff cannot show that either of these witnesses has any relevant testimony to offer which will not confuse the issues and/or mislead the jury especially on the issue of plaintiff's damages. Neither Ms. Holloway nor Mr. Tilghman was present during the incident leading up to, or immediately after, the alleged use of force. As such, any information they may have regarding the incident or injuries allegedly sustained as a result of the incident are based on hearsay and not first-hand knowledge. Fed. R. Evid. 602, 802.

In addition, there is no dispute that these witnesses are *not* medical professionals and most certainly *not* experts in any medical field. Defendant expects plaintiff to proffer their testimony to support the argument that plaintiff's alleged damages are causally related to the incident with defendant Belardo. Plaintiff, however, should not be permitted to do so as the prejudice in allowing the testimony far outweighs the probative value.

Furthermore, to the extent that plaintiff seeks to call these witnesses to testify about plaintiff's so-called damages and causation, this testimony would also be confusing and potentially mislead the jury. Specifically, during her deposition, Ms. Holloway testified that she learned she was moving to Alabama at approximately the same time as this incident and in fact, moved at the end of September 2014, less than a month after the alleged incident. <u>See</u> Deposition of Ashley Holloway, dated, March 17, 2017 ["Holloway"] annexed to Smith Decl., as Exhibit "A" at 40:21-25; 41:22-25. Ms. Holloway testified that after she moved, plaintiff was no longer engaging and she felt as though she had to initiate most of the conversations. <u>Id</u>. at 39:23-40:20.

8

There is no testimony connecting this alleged change in plaintiff's behavior to the incident involving defendant Belardo and any suggestion to the contrary would be purely speculative and may mislead the jury to potentially drawing a conclusion regarding causation that does not exist. As such, Ms. Holloway's testimony has no relevance to any material issues in this case, and should be excluded under Fed. R. Evid. 402, 403, 602, and 802.

Additionally, any suggestion that Mr. Tilghman observed a change in plaintiff's behavior or emotional state as a result of the incident would also be misleading to the jury. Mr. Tilghman testified that there was a period of approximately three months that he was not seeing plaintiff on a regular basis and plaintiff was not responding to his attempts to reach out via phone call or texts. See Smith Decl., Ex. B [Trial Tr.] at 111:15-19; 112:12-17. Moreover, Mr. Tilghman testified that plaintiff did not tell him about the incident until January or February of 2017, more than two and a half years *after* the alleged incident. Id. at 105:13-21. Allowing him to testify about plaintiff's damages and causation would confuse the issue and jury and would be speculative and prejudicial to the defendant.

To the extent plaintiff argues that Ms. Holloway or Mr. Tilghman's testimony should be permitted to provide their opinion as it relates to plaintiff's purported claim for emotional damages, this argument also fails. Federal Rule of Evidence 701 has three specified prerequisites for lay opinion testimony. First, it requires lay opinion testimony to be based on the witness's personal perceptions. Second, a lay opinion may be received in evidence only if it is helpful to the jury's clear understanding of the witness' testimony or the determination of a fact in issue. This helpfulness requirement is designed to provide assurance against the admission of opinions which would merely tell the jury what result to reach. Lightfoot v. Union Carbide Corp., 110 F.3d 898, 912 (2d Cir. 1997) (alterations and internal quotation marks omitted).

9

Third, a lay opinion must be the product of reasoning processes familiar to the average person in everyday life and cannot be received as lay opinion if it is based on scientific, technical, or other specialized knowledge. The proponent of lay opinion testimony must satisfy the rule's three foundation requirements. Adams v. City of New York, 993 F. Supp. 2d 306, 311 (E.D.N.Y. 2014).

Plaintiff cannot satisfy the requirements of Fed. R. Evid. 701 primarily because neither Ms. Holloway nor Mr. Tilghman's testimony would be helpful to a jury. Ms. Holloway testified that she was not present during the incident, never spoke to plaintiff about any mental health issues. Additionally, Mr. Tilghman never even knew about the alleged incident until January or February of 2017. See Trial Transcript, ["Trial Tr."] annexed to Smith Decl., as Exhibit "B" at pages 103-117. Therefore, defendant Belardo cannot envision what "help" either individual can offer to the jury.

Finally, these witnesses should be precluded pursuant to Federal Rule of Evidence 801. Federal Rule of Evidence 801(c) defines hearsay as an out-of-court statement "offered in evidence to prove the truth of the matter asserted." See also United States v. Paulino, 445 F.3d at 216-17. Here, both Ms. Holloway and Mr. Tilghman's testimony would be based solely on information communicated to them by the plaintiff as there is no dispute that they did not observe any of the plaintiff's interactions with the defendant. See Fed. R. Evid. 801. Similarly, any knowledge they may have about any of plaintiff's alleged injuries is based on information provided to them by plaintiff himself. Indeed, they have no personal knowledge of what transpired between plaintiff and defendant whatsoever. See Fed. R. Evid. 602.

In sum, Ms. Holloway and Mr. Tilghman have no personal knowledge regarding the incident and plaintiff's alleged damages and will only provide inadmissible hearsay

testimony about what plaintiff told them about the alleged use of force and his purported damages. Their testimony would be speculative, cumulative, and hearsay, and would surely result in confusion of the issues, would mislead the jury into drawing improper conclusions, and would be a waste of time for the jury, the Court, and the parties. Accordingly, Ms. Holloway and Mr. Tilghman should be precluded from testifying at trial in this matter pursuant to Fed. R. Evid. 402, 403, 602. 701, and 802.

### POINT IV

### PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING CERTAIN EXHIBITS

Plaintiff seeks to introduce a variety of photographs which have not been properly identified. Specifically, plaintiff seeks to introduce two photographs of a lip, a photograph of a bruise, a photograph of Atlantic Avenue, and a photograph of a "construction side near where plaintiff was clipped or hit." See Plaintiff's Exhibits 2-6. However, plaintiff has not identified these exhibits by Bates stamp numbers, as defendant has requested, thus failing to give proper notice as to what specific documents he intends to use at trial. Moreover, upon information and belief, plaintiff failed to produce any photographs of Atlantic Avenue or of a "[c]onstructions site" pursuant to Fed. R. Civ. P. 26 during the course of discovery, and for this reason alone should be precluded from introducing such exhibits.

Assuming, *arguendo*, plaintiff intends to rely upon the same photographs he attempted to offer into evidence during Pierce I, plaintiff should be precluded from introducing them during Pierce II. In fact, Judge Cogan held, during the trial that they were inadmissible. See Trial Transcript, ["Trial Tr."] annexed to Smith Decl., as Exhibit "C" at pages 146-149. First, the photographs were not taken or produced until after the close of discovery and were not produced pursuant to Fed. R. Civ. P. 26. Second, the photographs have absolutely no probative value. Fed.

R. Evid. 402. They would lead to juror confusion, and would be unduly prejudicial under Fed. R. Evid. 402 and 403. Specifically, the photographs plaintiff sought to introduce were taken in May of 2017, over two and a half years after the incident and plaintiff could not properly authenticate that the photographs fairly and accurately represented what they purported to be. See Trial Transcript, ["Trial Tr."] annexed to Smith Decl., as Exhibit "C" at pages 146-149. Photographs of the area of the incident taken two years later do not fairly and accurately represent the way the location looked on the date of incident. Moreover, given the previous preclusion and plaintiff's inability to lay the proper evidentiary foundation, plaintiff will not be able to do so in the instant trial and therefore, assuming plaintiff seeks to introduce the same photographs, they should be precluded. Fed. R. Evid. 901.

## POINT V

### DEFENDANT RESERVES HER RIGHT TO FILE SUPPLEMENTAL MOTIONS *IN LIMINE*.

Defendant Belardo respectfully reserves her right to object to any *in limine* motions submitted by plaintiff and to file supplemental motions *in limine*. Defendant Belardo further respectfully reserves her right to object and file motions *in limine* with respect to any of plaintiff's witnesses or exhibits.

## **CONCLUSION**

For the foregoing reasons, defendant Belardo respectfully request that the Court grant her motions in their entirety, together with such other and further relief as the Court deems just.

Dated: New York, New York
April 8, 2019

                                           ZACHARY W. CARTER
                                           Corporation Counsel of the City of New York
                                           Attorney for Defendant Belardo
                                           100 Church Street
                                           New York, New York 10007
                                           (212) 356-2398

                                           By:       /s/
                                           Valerie E. Smith
                                           Assistant Corporation Counsel

cc:     VIA ECF
        Gregory Antollino, Esq.
        Daniela Nanau, Esq.
        *Attorneys for Plaintiff*