UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

LERIN PIERCE,

**JOINT PROPOSED JURY INSTRUCTIONS**

Plaintiff,

-against-

16 CV 5703 (RJD)

P.O. SONIA BELARDO,

Defendant.

------------------------------------------------------------------------ X

In accordance with the Court's Individual Rules of Practice, the parties respectfully jointly provide proposed language for the jury charge relating to the remaining substantive claims.

Throughout these proposals:

- Plaintiff's proposals are in *italics*;

- Defendant's proposals are in **bold**; and

- Agreed instructions are in plain text.

## *REQUESTED JURY INSTRUCTIONS*

*Pursuant to Rule 51 of the Federal Rules of Civil Procedure, the parties request that the Court give the following instructions to the jury, in addition to any general instructions it would give in any case.*

### *I'll Start by Telling You about the Law Governing the Case and how the Parties Fit in the Dispute*

*1.    The Plaintiff in this case is Lérin Pierce. He is suing the defendant under a federal law, known as 42 U.S.C. § 1983, which provides a remedy for individuals who contend they have been deprived of federal constitutional rights by an individual acting under color of law,*

*which means she was acting in her capacity as a government employee, in this case, the New York City Police Department. Mr. Pierce alleges that the defendant deprived him of his right to be free from excessive force during the course of his arrest in September 1, 2014, causing him injuries.*

2.      *The Defendant in this action is Police Officer Sonia Belardo who is being sued in her individual capacity. As Police Officer Belardo is a member of the City of New York Police Department, there is no dispute that she acted under color of law.*

## PART I:  GENERAL INSTRUCTIONS.

### Duty of the Court

We are now approaching the most important part of this case, your deliberations.  You have heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties.  Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations.  As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you.  Also, even if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

### Duty of the Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you

resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts you must rely upon your own recollection of the evidence. None of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence.

The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and any stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the depositions that were read into evidence. Please remember that questions are never evidence; only answers are evidence. However, at times, during the course of this trial, counsel for the plaintiff and defendant may have incorporated into their questions statements that they have asked the witness to assume as true. If the witness denied the truth of these statements, and if no other evidence was introduced to prove the assumed fact was true, then you may not consider it to be true simply because it was contained in a lawyer's question. On the other hand, if the witness acknowledged the truth of the statement, you may, of course, consider the witness's answer as evidence that the statement is in fact true. Also, you may not consider any answer that I directed you to disregard or what I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also has the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All such questions of law must be decided by me.  You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses.  My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters.  You are expressly to understand that I have no opinion as to the verdict you should render in this case.

### Duty of Impartially

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law.  You are to perform your final duty in an attitude of complete fairness and impartially.  You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict.  So do not be guided by anything except clear thinking and calm analysis of the evidence.  Your verdict will be determined by the conclusions you reach, no matter whom the verdict helps or hurts.

## Burden of Proof: Preponderance of the Evidence

As you know, this is a civil case.  In order to prevail in a civil case, a party who is making a claim against another party has what we call the "burden of proof," which is the burden of establishing each of the essential elements of the claim by a preponderance of the credible evidence.

Here, the party that is making a claim is the plaintiff, Lerin Pierce.

In this civil trial, it is plaintiff's burden to establish each and every element of his claims by a preponderance of the credible evidence.  The "credible evidence" means such testimony, exhibits, or other evidence that you find worthy of belief.  To establish an element of a claim by a preponderance of credible evidence means to prove that that element is more likely true than not true.  If plaintiff fails to prove, by a preponderance of the evidence, any element of his claim, then you <u>**must**</u>[1] find for the defendant on that claim.

What does a "preponderance of the evidence" mean? A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is in balance or evenly divided between the parties – that is, it is equally probable that one side is right as it is that

---

[1] *Plaintiff objects to "*<u>*must*</u>*" being underlined. Plaintiff does not ask that the Court emphasize that the jury "must" find for plaintiff if it finds the evidence to be a preponderance. The underlining of "must" accents the defense in a way that is unbalanced.*

the other side is right -- or that the evidence produced by the party having the burden of proof is outweighed by evidence against his claim, then you must decide that issue against the party having the burden of proof, or the plaintiff in this case. That is because the party bearing the burden, in this case the plaintiff, must prove more than simple equality of evidence -- he must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with the burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of [*plaintiff*] that party -- that what he claims is more likely true than not true -- then the element will have been proved by a preponderance of evidence.

<u>Direct and Circumstantial Evidence</u>

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly.  It does not require any other evidence.  It does not require you to draw any inferences.  A witness's testimony is direct evidence when the witness testifies to what he/she saw, heard, or felt.  In other words, when a witness testified about what is known from his/her own personal knowledge by virtue of his/her own sense, what he/she saw, touched, or heard – that is direct evidence.  The only question is whether you believe the witness's testimony.  A document or physical object may also be direct evidence when it can prove a material fact by itself, without any other evidence or inference.  You may, of course, have to determine the genuineness of the document or object.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  To give a simple example, suppose that when you came into the

courthouse today the sun was shining and it was a nice day, but that the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, people began walking in with wet umbrellas and, soon after, others walked in with wet raincoats.

Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrellas and the raincoats, it would be reasonable for you to conclude that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence and you can consider either or both, and can give them such weight as you conclude is warranted.

You are to consider all the evidence in the case, both direct and circumstantial, in determining what the facts are, and in arriving at your verdict.

<u>Witness Credibility</u>

It must be clear to you by now that the parties are asking you to draw very different conclusions in the case. An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank, and forthright; or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct-examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice or hostility that may cause the witness -- consciously or not -- to give you something other than a completely accurate account of the facts he or she testified to? However, an interested witness is not necessarily less credible than a disinterested witness. The fact that a witness is interested in the outcome of the case does not mean that the witness has not told the truth. It is for you to determine from the witness's demeanor on the stand and such other tests as your experience dictates whether or not the witness's testimony has been colored, intentionally or unintentionally, by the witness's interest.

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

If you find that any statement made by a witness was false, in whole or in part, you may disregard the particular part you find to be false or you may disregard the witness' entire testimony as not worthy of belief.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

<u>*The Law: 42 U.S.C. § 1983*</u>

3.      The statute, which is another name for a written law, that you will apply to Mr. Pierce's federal claims in this case is 42 U,S,C, § 1983, as I stated initially. The reads in particularly here that:

> Every person who, under color of any statute, ordinance, custom
> or usage of any state subject or causes to be subjected, any citizen
> of the United States . . . to the deprivation of any rights, privileges,
> or immunities secured by the constitution . . . , shall be liable to
> the party injured in an action at law. . . .

(Authority: 42 U.S.C. § 1983).

4.      Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges, and immunities secured to them by, among things, the federal constitution. Before Section 1983 was enacted in 1871, people were not able to sue state and local officials for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws. Section 1983 was enacted to give people a federal remedy in federal court because it was feared that adequate protection of federal rights might not be available

*anywhere else.*[2]

## ELEMENTS OF A SECTION 1983 CLAIM

5. *To establish a claim under Section 1983 against the defendant, the burden is on*

*Mr. Pierce to establish, by a preponderance of the evidence, each of the following elements:*

> *First, that the conduct complained of was committed by the*
> *defendant acting under color of state law;*
>
> *Second, that in so acting, the defendant violated the constitutional*
> *rights of Mr. Pierce; and*
> *Third, that the defendant's acts were the proximate or legal*
> *cause of the injuries and consequent damages alleged by Mr.*
> *Pierce.*

*I will discuss each of the elements in detail (Sand Instruction 87-68).*

## FIRST ELEMENT: "UNDER COLOR OF LAW"

6. *In this case, the first element of Plaintiff's claim is that the Defendant acted*

*under color of state law. It is not in dispute that Police Officer Belardo was acting in her*

*capacity as New York City police officer at the time of the acts in question, she was, in fact,*

*acting under the color of state law. So that's an easy one for you. The first element of*

*Plaintiff's claim is met.*

7. *But that does not end your inquiry. You must still determine whether Mr.*

*Pierce established, by a preponderance of the evidence, the remaining two elements of his §*

*1983 claims: whether the defendant actually deprived him of a constitutional right, and, if so,*

*whether that deprivation "proximately caused" the injuries he claims to have sustained.*

## SECOND ELEMENT: DEPRIVATION OF A CONSTITUTIONAL RIGHT

---

[2] The instructions set forth in paragraphs 1-6 are adapted from the instructions given by Judge John G. Koeltl in *Funnye v. City of New York, et al.*, 98 Civ. 7731 (S.D.N.Y. July 2001).

-10-

8.      The second element that Mr. Pierce must prove by a preponderance of the evidence is that the Defendant deprived him of rights protected by the United States Constitution. In order for him to establish this element, Mr. Pierce must establish by a preponderance of the evidence: first, that Officer Belardo committed the acts alleged by Mr. Pierce; second, that those acts caused them to suffer the loss of a federal right; and third, that, in performing the acts alleged, that Officer Belardo acted intentionally or recklessly. (Authority: Sand 87-74).

9.      I will explain what intentionally or recklessly means as well as actions causing the loss of a constitutional right.

### State of Mind

10.      To establish a claim under Section 1983, Mr. Pierce must establish by a preponderance of the evidence that the defendant acted intentionally or recklessly. (Authority: Sand 87-74). Mr. Pierce does not have to establish that the defendant intended to violate his federal constitutional rights. (Authority: *Hudson v. New York City*, 271 F.3d 62, 68-69 (2d Cir. 2001)).

11.      An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately, and not because of a mistake, accident, negligence, or other innocent reason. (Authority: Sand 87-76).

12.      An act is reckless if done in conscious disregard of its known probable consequences. (Authority: Id. 87-77).

13.      In determining whether Officer Belardo acted intentionally or recklessly, you should remember that while witnesses may see and hear, and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.

*Therefore, you have to depend on what witnesses involved said was in their minds and your belief or disbelief with respect to those facts with respect to the evidence.*[3]

<u>*Loss of a Federal Right*</u>

*14.      Mr. Pierce claims Officer Belardo deprived him of rights and privileges secured and protected by the United States Constitution. He claims, that Officer Belardo used excessive stopping and striking him to arrest him.*

*15.      He also contends that Officer Belardo failed to protect him by recklessly chasing him with the police car while he was on foot, which she did on her initiate or at the insistence of her supervisor, Sergeant Mercado.*

## PART II: SUBSTANTIVE LAW

In this case, the plaintiff, Lerin Pierce, brings a federal claim for excessive force against defendant Sonia Belardo.  I will first instruct you on plaintiff's claims, then I will instruct you on his state-law claims.

## FEDERAL § 1983 CLAIM

**A.      <u>The Statute, Its Function, and Elements of Claim for Relief</u>**

Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983.

In order to prevail in this case pursuant to 42 U.S.C. § 1983, plaintiff must prove by a preponderance of the evidence that:

1)      **Defendant's conduct deprived the plaintiff of a right protected by the Constitution of the United States; and**

---

[3] This instruction was given by Judge Allyne R. Ross in *Atkins v. City of New York*, 91 CV 2465 (E.D.N.Y. January 1995), *rev'd*, 143 F.3d 100 (2d Cir. 1998).

2)     Defendant's conduct was a proximate cause of the injuries and damages sustained by the plaintiff.[4]

I will explain these elements to you.

1.     <u>First Element:  Deprivation of Constitutional Right</u>

First, plaintiff must show that he was intentionally deprived of a constitutional right by the defendant.  Specifically, the plaintiff must show, by a preponderance of the credible evidence, that (a) defendant committed the act alleged by plaintiff; (b) the alleged act caused the plaintiff to suffer the loss of a constitutional right; and (c) in performing the act alleged, defendant acted intentionally.

1.     *Commission of Alleged Acts*

The first thing for you to determine is whether the defendant committed the acts alleged by plaintiff.  If you find that plaintiff has failed to prove by a preponderance of the credible evidence that the defendant committed the acts alleged by plaintiff, you must find in favor of the defendant.[5]

2.     *Intent*

Let me briefly explain what I mean when I say that a person acted intentionally.  An act is intentional if it is done knowingly — that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason.

In determining whether a defendant acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct

---

[4] The defendant concedes that she was acting under color of law.  Therefore, there is no need to charge the jury on this element of a § 1983 claim.

[5] Adapted from the instructions given by Hon. Paul A. Engelmayer in <u>Gabriel Diaz v. Lauren Diaz, *et al.*</u>, 14 CV 4716 (S.D.N.Y. – delivered on February 3, 2016).

evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

**3.** ***Loss of a Constitutional Right***

If you determine that the defendant committed the act alleged by plaintiff, you must next determine whether that act caused plaintiff to suffer the loss of a constitutional right.

In this case the plaintiff has brought an excessive force claim against defendant Belardo. I'll now explain this claim to you in more detail.

<u>EXCESSIVE FORCE</u>

*16.* *Mr. Pierce alleges that the defendant violated his Fourth Amendment of the United States Constitution. Under the Fourth Amendment, people have the right to be free from the use of unreasonable and, therefore, excessive force by a police officer in the course of effectuating an arrest. This means that if a police officer uses excessive force while arresting an individual, the police officer has violated that individual's constitutional right protected by the Fourth Amendment. right to be free from unreasonable seizures by using excessive force during the course of his arrest.*

*17.* *Officer Belardo contends that whatever force she used was reasonable under the circumstances.*

*18.* *For the claim of excessive force, Mr. Pierce must prove, with respect to Officer Belardo, that there was some harm that resulted directly and only from the use of force that was excessive to the need and the excessiveness of which was objectively and unreasonably was used by her in light of the facts and circumstances at the time of the*

-14-

*incident.*

*19.    In determining whether Officer Belardo used excessive force, you should consider the totality of the circumstances confronting her.*

*20.    Some of the things you may want to consider are: the severity of the crime that Officer Belardo and her colleagues at the scene believe that Mr. Pierce had committed; whether Mr. Pierce posed an immediate threat to the safety of the officers or others; whether he was actively resisting arrest or attempting to evade arrest by flight; the extent of the injury caused by the force; the need for the application of force; the relationship between the need and the amount of force any officer used; the relative physical size, strength and any weaponry of Officer Belardo and/or Mr. Pierce; and the general exigency of the moment. These are some of the factors that you may wish to consider and it's all for you to look at the totality of the circumstances in your deliberations. (Authority: Graham v. Connor, 490 U.S. 386, 396 (1989).*

*21.    An officer has the right to use such force as is necessary under a given set of circumstances. So the question turns on when necessary force becomes excessive. The test for determining whether police officers used excessive force while arresting an individual is one of objective reasonableness. This test requires you to determine what amount of force reasonable officers on the scene would have employed under similar circumstances.*

*22.    In making a determination as to objective reasonableness, you can consider factors such as the need for the application of force, the relationship between that need and the amount of force that was actually used, the extent of any injuries that Mr. Pierce suffered, the nature and severity of the crime, if there was a crime leading to the arrest, whether Mr. Pierce posed an immediate threat to the safety of the officers or others, and whether Plaintiff was*

*actively resisting arrest or attempting to avoid arrest by flight.*

23. *At the time of the street encounter, Mr. Pierce was not under arrest. He was speaking to the police on a sidewalk. Under the law of this State, an officer has a right to inquire of a person, but a person has a constitutional right not to respond to that inquiry. He may remain silent or walk or run away. His refusal to answer [a police inquiry] is not a crime.*

24. *In this case, Mr. Pierce spoke to Officer Belardo and her colleagues who were investigating a complaint. If the police suspect there is a possibility of a crime, they have the right to search the person, which also happened in this case, and after he spoke to them, Plaintiff was free to walk or run away, unless he was placed under arrest or told he could not leave. In assessing the reasonability of Mr. Pierce's actions and Officer Belardo's response, you must consider all of these facts and circumstances. (Authority: New York Criminal Procedure Law § 140.50; Morales v. New York, 396 U.S. 102 (1969); Uzoukwu v. City of New York, 805 F.3d 409, 415 (2d Cir. 2015); People v. Lee, 84 Misc. 2d 192, 194 (Sup. Ct. 1975). See also Commonwealth v. Warren, 475 Mass. 530, 58 N.E.3d 333, 336 (2016) (unanimous decision holding that might be appropriate under certain circumstances).*

25. *The factors I just read out to you are only meant to assist you with your deliberations but you may consider other factors. The overall question that you should be asking yourselves is what is the amount of force that reasonable officers would have used under similar circumstances.*

26. *However, you can't take into account any perceptions you may have regarding the defendant's underlying intent or motivation. Even if an officer acts with evil intentions, that officer will not have violated an individual's Fourth Amendment right if she used an objectively reasonable amount of force under the circumstances.*

27.     Conversely, even if an officer acts with good intentions, that officer will have violated plaintiff's Fourth Amendment rights if she used an objectively unreasonable amount of force under the circumstances.

28.     Finally, I need to instruct you about the vehicular impact -- the meeting between Mr. Pierce and Officer Belardo's police car. As to the impact with the [o]lice car, because there was contact between the car and the Plaintiff I need to instruct you that negligence does not violate the Fourth Amendment.

29.     For you to find that Officer Belardo used excessive force with respect to the vehicular impact, you have to find that Officer Belardo acted intentionally or recklessly. If you find that the vehicular impact was an accident or was inadvertent, then there was no excessive force. An act is intentional if it's done knowingly. That is, if it's done voluntarily and deliberately and not because of mistake, accident, negligence, or inadvertence. An act is done recklessly if it's done in conscious disregard of its known probable consequences. Then, lastly, to act negligently, which again, is not a basis for liability here, is to fail to act with the level of care that someone of ordinary prudence would have exercised under the same circumstances.

**The plaintiff alleges that the defendant violated his Fourth Amendment rights by using excessive force.   Defendant disputes plaintiff's version of events, and contend that their actions were justified, reasonable under the circumstances, and in accordance with the existing law.  Therefore, you must first determine whose version of events you believe.**

**In order to find for plaintiff on this claim, you must find three (3) things: first, that he suffered a physical injury; second, that the injury suffered was proximately caused by the intentional actions or conduct of defendant, and no one else, directed at the**

plaintiff; and third, that the amount of force used was in excess of what a reasonable officer would have used under similar circumstances.

Even if you find that there was some forcible contact between the plaintiff and the defendant, that mere fact would not be sufficient by itself to demonstrate that the defendant violated the plaintiff's constitutional rights.[6]  In fact, in restraining an individual or taking an individual into custody, a police officer is not constitutionally required to be courteous.  That means that "evil intentions" will not be considered excessive force if the force that was used was in fact reasonable.[7]  In other words, a police officer's good intentions will not make an excessive use of force permissible, and his bad intentions will not make a reasonable use of force excessive.[8]

Every person has the right not to be subjected to unreasonable or excessive force by a law enforcement officer.  On the other hand, an officer has the right to use such force as is necessary under a given set of circumstances.  You must determine: 1) whether there was any force used against the plaintiff; 2) if there was force used against the plaintiff, whether the force was used by the defendant; and 3) if the defendant used force against the plaintiff, whether the force was excessive.  Force is excessive if the officer exceeded that degree of force which a reasonable and prudent law enforcement officer

---

[6] See Graham v. Connor, 490 U.S. 386, 396 (1989); Saucier v. Katz, 533 U.S. 194, 208 (2001); see also instructions given by Hon. Judge Robert P. Patterson in Butler v. Kibel, et al., 10 CV 7974 (S.D.N.Y. – delivered on February 17, 2012).

[7] See Graham, 490 U.S. at 397; Anderson v. Branen, 17 F.3d 552, 559 (2d Cir. 1994); Kash v. Honey, 38 Fed. Appx. 73, 76 (2d Cir. 2002).

[8] Adapted from the instructions given by Hon. Brian M. Cogan in Ivan Kimbrough v. Detective John R. Nixon, et al., 10 CV 1088 (E.D.N.Y.); see also instructions given by Hon. Judge Andrew L. Carter in Thomas v. City of New York, et al., 09 CV 3162 (S.D.N.Y. – delivered on July 5, 2012).

would have applied under the same circumstances.[9]  In determining whether the constitutional line has been crossed, you must analyze the totality of the circumstances.[10] Although the severity of plaintiff's alleged injuries is not determinative, it is relevant to the consideration of whether there was force used and, if so, whether the alleged force was reasonable.

Now the Constitution must not be trivialized, the use of force is not uncommon or unusual in the course of restraining an individual.  Not every push or shove by a police officer constitutes excessive force, even if it may later seem unnecessary in the peace and quiet of this courtroom.[11]  Minor scrapes, bumps or bruises potentially could occur, often unintended, during any arrest or stop and frisk, and an officer cannot be held liable for every such incident.[12]

You must allow for the fact that police officers are forced to work in circumstances that are tense, uncertain and rapidly evolving.  They must make split-second judgments about their actions and about the amount of force that is necessary in a particular situation.[13]  The question is only whether the officer's actions are objectively reasonable in light of all the facts and circumstances confronting her.  In this regard, you

---

[9] Adapted from the instructions given by Hon. Judge Donald E. Walter in <u>Rocky Williams v. City of New York, et al.</u>, 01 Civ. 4146 (EDNY).

[10] <u>Plumhoff v. Rickard</u>, 134 S. Ct. 2012, 2020 (2014) (citing <u>Graham</u>, 490 U.S. at 396).

[11] <u>Graham</u>, 490 U.S. at 396

[12] Adapted from the instructions given by Hon. Judge Barbara S. Jones in <u>Pope v. Buttner</u>, 10 CV 4118 (S.D.N.Y. – delivered March 7, 2012); and instructions given by Hon. Judge Andrew J. Peck in <u>Tsesarskaya v. City of New York<i>, et al.</i></u>, 11 CV 4897 (S.D.N.Y. – delivered on June 13, 2012).

[13] Taken from the instructions given by the Hon. Judge Tucker L. Melançon in <u>Fryar v. Zhen<i>, et al.</i></u>, 10 CV 5879 (E.D.N.Y. – delivered on September 21, 2011).

are not to decide if the least amount of force was used but rather you are only to decide if the force that was used, if any, was reasonable.[14]

Because police officers are often forced to make split-second judgments about the amount of force that is necessary in a given situation, the "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.[15] You are not to consider the officer's underlying intent or motivation.[16] I also instruct you that negligence does not violate the Fourth Amendment. Therefore, you should not consider whether or not the police officer may have acted negligently or carelessly.[17]

Defendant denies that she subjected the plaintiff to excessive force. Therefore, you must first determine whether the plaintiff has proven by a preponderance of the evidence that the acts as alleged by him took place. If your answers are no, then your deliberations are over and you must bring back a verdict for the defendant on this claim. If your answer is yes, then in determining whether the acts of the defendant caused the plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used was excessive.

<u>THIRD ELEMENT–PROXIMATE CAUSE</u>

30.    *Now, even if you find that Mr. Pierce has proven his case for excessive force,*

---

[14] Taken from the instructions given by the Hon. Judge Brian M. Cogan in <u>Gilliard v. Kibel</u>, *et al.*, 10 CV 5247 (E.D.N.Y. – delivered on January 5, 2012); <u>see also</u> instructions given by Hon. Judge Fredric Block in <u>Stanczyk v. City of New York</u>, *et al.*, 11 CV 0249 (E.D.N.Y. – delivered on March 19, 2013).

[15] <u>See</u> instructions given by Hon. Judge J. Paul Oetken in <u>Choi v. Murdocco</u>, 10 CV 6617 (S.D.N.Y. – delivered November 13, 2012).

[16] <u>Graham</u>, 490 U.S. at 396.

[17] <u>See</u> <u>Daniels v. William Sylvesters</u>, 474 U.S. 327 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344 (1986); <u>Coakley v. Jaffe</u>, 2000 U.S. App. LEXIS 26073, at *2 (2d Cir. 2000); <u>Solana v. New York City Dep't of Corr.</u>, 2012 U.S. Dist. LEXIS 161252, at *7 (E.D.N.Y. 2012) (ARR).

*Officer Belardo's acts or omissions were a proximate cause of the injuries that he sustained.*

*31.     "Proximate cause" means that there must be a sufficient causal connection between the act or omission of Officer Belardo and any injury or damage sustained by Mr. Pierce. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing the alleged injury. In other words, if a defendant's act or omission had such an effect in producing an injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause (Authority: Sand 87-79).*

*32.     An act or omission is a proximate cause of an injury if it was a substantial factor in bringing about or actually causing the injury. That is, if the injury was a reasonably foreseeable consequence of the defendant's acts or omissions. If an injury was a direct result or a reasonably probable consequence of the defendant's acts or omissions, it was probably caused by such -- it was proximately caused by such act or omission.  In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.*

*33.     To recover damages for any injury, the plaintiff  has to show by a preponderance of the evidence that his  injury would not have occurred without the acts or omissions of Officer Belardo. If you find that the defendant has proven by a preponderance of the evidence that Plaintiff complains about an injury that would have occurred, even in the absence of their acts or omissions, then you must find that Defendant did not proximately cause Plaintiff's injury.*

*34.     The two elements you must decide that I have just described – (1) deprivation of a constitutional right; and (2) proximate cause – must be established by Mr. Pierce by a preponderance of the evidence for you to find that he has proven a constitutional violation.*

<u>SECOND ELEMENT:  PROXIMATE CAUSE</u>

The second element that plaintiff must prove is that defendant's act was a proximate cause of the injuries plaintiff sustained.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by plaintiff.  If you find that any of defendant's acts or omissions were a substantial factor in bringing about or actually causing plaintiff's injury, that is, if the injury was a *reasonably foreseeable* consequence of the defendant's act or omission, then defendant's act or omission were a proximate cause of plaintiff's injuries.  If an injury was a direct result or a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such act or omission.  Stated another way, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, plaintiff must show, by a preponderance of evidence, that his injury would not have occurred without the acts or omissions of the defendant.  If you find that the defendant has proven, by a preponderance of the evidence, that plaintiff complains about an injury that would have occurred even in the absence of defendant's acts or omissions, you must find that the defendant did not proximately cause plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or space.  In addition, there may be more than one proximate cause of an injury.  Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury.  The defendant is not liable if he did not cause plaintiff's injuries or if plaintiff's injuries were caused by a new or independent

source that intervened between the defendant's acts or omissions and plaintiff's injuries and produced a result that was not immediately foreseeable by defendant.

## PART III:  QUALIFIED IMMUNITY

Defendant asserts that the defense of qualified immunity is one for the Court to decide, not the jury.[18]  Defendant reserves the right to provide Proposed Special Interrogatories for the Court's consideration, so that the jury might resolve disputed issues of fact to aid the Court in deciding whether the defendant is entitled to qualified immunity[19] as a matter of law.

### III. *DAMAGES*

35.     *If you find that Mr. Pierce has met his burden of proof with respect to his Section 1983 claims, that is, that he has proven any of his claims by a preponderance of the evidence, then you must consider the issue of damages.  The fact that I am giving you instructions on damages, however, should not be considered as an indication of any view of mine on what your verdict should be. Rather, instructions on damages are given only so that you will have them in the event that you should find in favor of plaintiff on the question of liability.*

36.     *There are two types of damages that you may consider: compensatory damages and punitive damages.*

### *Compensatory Damages*

37.     *If you find for Mr. Pierce on the issue of liability, then you may award him*

---

[18] Zellner v. Summerlin, 494 F.3d 344 (2d Cir. 2007); Stephenson v. John Doe, 332 F.3d 68 (2d Cir. 2003).

[19] See e.g. Saucier v. Katz, 533 U.S. 194, 199 (2001); Crawford-El v. Britton, 523 U.S. 574 (1998); Mitchell v. Forsyth, 472 U.S. 511 (1985).

compensatory damages, that is, a sum of money that you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of Officer Belardo's

conduct. Mr. Pierce is entitled to compensatory damages for his actual physical injuries, including pain and suffering caused by the injuries and/or emotional distress that he has suffered because of the Defendant's' conduct. Because of the nature of noneconomic damages, no evidence of a monetary value need be nor necessarily can be introduced into evidence, nor is there any exact standard for the compensation you may award for such damages. Nevertheless, an award of noneconomic damages must be supported by competent evidence concerning the effects of the injury.

      38.    When deciding what injuries a defendant has caused, the law says that a defendant "takes the plaintiff as he finds him." Imagine a person whose skull is as thin as an eggshell. If you unlawfully tap him on the head, fracture his skull, and cause severe injury, you are responsible for all that harm – even though tapping another person's head the very same way might not cause any injury at all. It would not matter if you didn't know that the person had such a thin skull. It only matters that you did not have a legal right to tap him – that is, to do the thing that caused the injury. "It is as if a magic circle were drawn about the person, and one who breaks it, even by so much as a cut on the finger, becomes liable for all resulting harm to the person, although it may be death.... The defendant of course, is liable only for the extent to which the defendant's conduct has resulted in an aggravation of the pre-existing condition, and not for the condition as it was: but as to the aggravation, foreseeability is not a factor" (Authority: Figueroa-Torres v. Toledo-Davila, 232 F.3d 270, 275-76 (1st Cir. 2000)).

      39.    In this case, you might find that Mr. Pierce suffered a broken hand before the

*events giving rise to his arrest on September 1, 2014, but that injury caused him no additional difficulty until the Defendant subjected him to excessive force, as Mr. Pierce alleges. If you find that Officer Belardo's conduct caused an injury to Mr. Pierce's right hand, you must award him damages to compensate for those injuries regardless of whether a normal person would have suffered less from the very same treatment. Likewise, you must also make your damages decision regardless of whether his pre-existing condition might have made him more likely to develop similar injuries later on. (Authority: The instructions contained in paragraphs 37-38 are adapted from those delivered by Judge Castel in Martinez v. Port Auth., 01 Civ. 721 (S.D.N.Y. Nov. 18, 2004), aff'd, 445 F.3d 158 (2d Cir. 2006)).*

*40.      You must be guided by dispassionate common sense. The noneconomic damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award noneconomic compensatory damages for speculative injuries, but only for those injuries that Mr. Pierce  has actually suffered or which he is reasonably likely to suffer in the future.*

*41.      You are to use sound discretion in fixing an award of compensatory damages, drawing reasonable inferences where you deem appropriate and the facts and circumstances in evidence. Now, in determining the amount, if any, to be awarded, Mr. Pierce for noneconomic damages, you may take into consideration the effect that his injuries have had on his ability to enjoy life. Loss of enjoyment of life involves the loss of ability to perform daily tasks, to participate in the activities which were a part of his life before the injury and to experience the pleasures of life. A person suffers the loss of enjoyment of life only if the person is aware at some level of the loss that he has suffered.*

## PART IV:  DAMAGES

### General Instructions[20]

If you find that the plaintiff has proved, by a preponderance of the evidence, all of the elements of his claims for relief, you must then decide if he suffered any injuries as a result of the violation of his rights.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages.  You should not reach the issue of damages unless you find that the plaintiff has established liability on his claims.  Also, just because I give you instructions on damages does not mean that I have any opinion about liability.  It is for you alone to decide whether the defendant is liable to the plaintiff.

Additionally, federal law provides for a separate award of attorneys' fees should the plaintiff prevail in this case.  The award of attorneys' fees in such circumstances is a matter to be determined by the Court.  Accordingly, if you award any damages to the plaintiff, you should not take into consideration the fees that the plaintiff may have to pay his attorneys.[21]

Should you decide that the plaintiff has proved a claim by a preponderance of the evidence, you must consider awarding two types of damages: compensatory damages and nominal damages.  I will explain the law concerning each of these types of damages to you.

---

[20] Adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.2 (2005 Supplement).

[21] Defendant notes that this paragraph was taken from the charge given to the jury by Judge Kaplan in Manigault.

<u>Compensatory Damages</u>[22]

If you return a verdict for the plaintiff, then you may award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of a defendant. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole – that is, to compensate the plaintiff for the damage that he has proven by a preponderance of the credible evidence.

Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered, or that the plaintiff is reasonably likely to suffer in the future.

Moreover, you shall award actual damages only for those injuries that you find plaintiff has proven by a preponderance of credible evidence to have been the direct result of conduct by the defendant you have found liable. That is, you may not simply award actual damages for any injury suffered by plaintiff — you must award actual damages only for those injuries that are a direct result of actions by the defendant, and that are a direct result of conduct by the defendant that was a violation of plaintiff's rights.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does

---

[22] Unless otherwise cited, all paragraphs in this section, entitled "Compensatory Damages", were adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.1 (2005 Supplement).

not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of his rights at issue here. You may, however, compensate the plaintiff to the extent that you find that he was further injured by a defendant's violations of his rights.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. There is no claim in this case that the plaintiff sustained any loss of income or other economic loss. So, in calculating compensatory damages, you may not include any amount for such losses.

### Damages: Multiple Claims[23]

Plaintiff is entitled to only one recovery, if at all, sufficient to reasonably compensate him for his injuries. I therefore instruct you that if you find that plaintiff has prevailed on more than one claim, you may not award additional compensatory damages for the same injury. You should award an amount of compensatory damages equal to the total damages you believe will fairly and justly compensate plaintiff for the separate injuries he suffered. But you should not compensate plaintiff for the same injury twice simply because you find a defendant liable for multiple claims.

---

[23] Plaintiff objects to "multiple claims." Perhaps we put it in mistakenly, but there is only one claim in this case.

**<u>Nominal Damages</u>**

Now let's turn to nominal damages. If you return a verdict for plaintiff on any of his claim, but then find that he failed to prove by a preponderance of the credible evidence that he suffered any actual damages for that claim as a result of the action of the defendant, then you may return an award of damages in some nominal or token amount not to exceed the sum of one dollar. This is called nominal damages.

Nominal damages are awarded when a plaintiff has been deprived by a defendant of a constitutional right, but has proved no compensatory damages as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to be free from such action, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff did not prove injuries as a result of the defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.[24]

*<u>Punitive Damages</u>*

42. *As I mentioned before, you may also make a separate and additional award of punitive damages. The decision to award punitive damages rests solely in the jury's discretion.*

---

[24] Defendant have not included any charge relating to punitive damages because defendant contends that, after hearing the evidence, the Court will determine that no rational jury could find punitive damages against defendant in this case. Should the Court find that a punitive damage charge is necessary, defendant will provide proposed language. *Plaintiff contends that this contention is disingenuous. The defense wants this Court to follow Judge Cogan who instructed the jury on punitive damages. The former jury awarded punitive damages. There is no way in this case to extricate the question of punitive damages and compensatory damages – i.e., to have a mini-trial on punitive damages. Thus if the defense assumes the Court will disagree with Judge Coagn on this issue, while simultaneously advocating the use of his earlier holdings, the failure to enter a charge for punitive damages is self-serving and suggests the Court will rule in the defendant's favor on this point. We contend that a failure to enter instructions going to punitive damages is a waiver to the future inclusion of its proposed future charge, though we will consent to the weekend for the defense to provide an alternative instruction* 29

43.     If you award Mr. Pierce compensatory damages, then you may, but are not required to, also make a separate and additional award of punitive damages.

44.     The fact that I am giving you instructions on punitive damages, however, should not be considered as an indication of any view of mine on what your verdict should be. Rather, instructions on punitive damages are given only so that you will have them in the event that you should find in favor of plaintiff on the question of liability. *Authority: The instructions contained in paragraphs 37-38 are adapted from those delivered by Judge Castel in Martinez v. Port Auth., 01 Civ. 721 (S.D.N.Y. Nov. 18, 2004), aff'd, 445 F.3d 158 (2d Cir. 2006)).*

45.     You may award plaintiff punitive damages against the defendant if you find that the defendant's actions were malicious or wanton and reckless, not merely unreasonable, or if the defendant intentionally violated plaintiff's federal rights. An act or failure to act is maliciously done if it is prompted by ill will or spite toward the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. Plaintiff has the burden of proving, by a preponderance of the evidence, that the individual defendant acted maliciously or wantonly with regard to his rights. An act is wantonly and recklessly done if done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. An intent to injure exists when a defendant has a conscious desire to violate federal rights of which he or she is aware, or when a defendant has a conscious desire to injure plaintiff in a manner he or she knows to be unlawful.

46.     An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

*47.	In making this decision, you should consider the underlying purpose of punitive damages. The purpose of punitive damages is not to compensate plaintiff. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct, and to deter him or her, and others in the same position, from engaging in similar conduct in the future.*

*48.	If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate plaintiff's federal rights or unlawfully injure him, or if you find that defendant acted with a callous or reckless disregard of his rights, then you may award punitive damages against the defendant.*

## Mitigation of Damages

**In determining the amount of damages to which plaintiff is entitled to if any, you may take into consideration whether plaintiff failed to mitigate his damages after he was arrested.[25] A plaintiff claiming damages due to the wrongful act of another is under an obligatory duty to minimize the damages liable to result from such injury.[26] If the plaintiff does not make a reasonable effort to minimize his damages, he is barred from recovering those additional damages that result from his own failure to mitigate.[27] Therefore, if you find that plaintiff could have reasonably avoided certain of his injuries, you may deny**

---

[25] See Miller v. Lovett, 879 F.2d 1066, 1070 (2d Cir. 1989)(citing E. Devitt, C. Blackmar & M. Wolff, Federal Jury Practice & Instructions § 85.13 (1987)("there can be no duty to mitigate damages until the injury causing those damages actually occurs.").

[26] East Hampton Dewitt Corp. v. State Farm Mut. Auto. Ins. Co., 490 F.2d 1234, 1239 (2d Cir. 1973)(quotations omitted).

[27] Id.

plaintiff compensation for those damages stemming from the avoidable injury.[28]  It is

defendant's burden to prove that plaintiff made no attempt to mitigate his damages.[29]

---

[28] Id.

[29]  See Clarke v. Frank, 960 F.2d 1146, 1152 (2d Cir. 1992)("while it is the plaintiff's duty to mitigate, it is the defendant who has the evidentiary burden of demonstrating at trial that a plaintiff has failed to satisfy this duty.")

**Attorneys' Fees**

Federal law provides for an award of attorneys' fees to a plaintiff when he or she prevails in a civil rights action. The award of attorneys' fees is a matter to be determined by the Court. Accordingly, if you award any damages to plaintiff, including nominal damages, you should not take into consideration the fees that plaintiff may have to pay his attorneys.

Dated:     New York, New York
            May 3, 2019

       */s/ Gregory Antollino*
       Gregory Antollino, Esq.
       275 Seventh Avenue, Suite 705 New York, NY 10001
       (212) 334-7397
       E-Mail: gregory10010@verizon.net

       */s/ Daniela Nanau*
       Daniela Nanau
       Law Office of Daniela Nanau,
       P.C. By: Daniela Nanau, Esq.
       89-03 Rutledge Avenue
       Glendale, NY 11385
       (888) 404-4975
       E-Mail: dn@danielananau.com

       ATTORNEYS FOR PLAINTIFF

       ZACHARY W. CARTER
       Corporation Counsel of the City of New York
       *Attorneys for Defendant Belardo*
       100 Church Street
       New York, New York 10007
       Tel: (212) 356-2398

               /s/
       By: _____
          Valerie Smith
          Carolyn K. Depoian
          Special Federal Litigation Division