

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**VALERIE E. SMITH**
*Assistant Corporation Counsel*
Phone: (212) 356-2398
Fax: (212) 356-3509
vsmith@law.nyc.gov

May 13, 2019

**VIA ECF & EMAIL**
Honorable Judge Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   Lerin Pierce v. Sonia Belardo,
         16 CV 05703 (RJD)

Your Honor:

I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing the sole remaining defendant, Officer Sonia Belardo, in the above captioned action. Defendant writes in furtherance of the issue raised this afternoon by Your Honor, namely whether plaintiff's continued reference to defendant Belardo's conduct as being "reckless" is appropriate. For the reasons explained herein, the answer to Your Honor's question is unequivocally "No."

Plaintiff's sole claim is that, pursuant to the Fourth Amendment, he was *intentionally* subjected to an unreasonable seizure through means of excessive force. This is what plaintiff pled in his complaint and this is precisely what he testified to under oath at the first trial in this action. Notwithstanding, during her opening statement, plaintiff's counsel suggested to the jury that defendant Belardo acted recklessly. Plaintiff should not be permitted to refer to defendant Belardo's actions as "reckless" because it is inconsistent with well-established Supreme Court precedent that requires him to show intentionality and not recklessness in the Fourth Amendment context and particularly on the unique facts of this case.

In the context of the facts alleged, and in light of the testimony thus far, the only scenario that could give rise to a constitutional violation where by plaintiff was unreasonable seized by means of excessive force would be if Officer Belardo intentionally struck him with her car, *i.e.*, she used her vehicle as a weapon to strike plaintiff. In *California* v. *Hodari D.,* 499 U.S. 621, 626 (1991), the Supreme Court held that a police pursuit in attempting to seize a person does not amount to a "seizure" within the meaning of the Fourth Amendment. This is consistent with the Supreme Court's earlier holding in *Brower v. County on Inyo*, 489 U.S. 593 (1989) in which the Court explained that "a Fourth Amendment seizure does not occur whenever

there is a governmentally caused termination of an individual's freedom of movement (the innocent passerby), nor even whenever there is a governmentally caused and governmentally desired termination of an individual's freedom of movement (the fleeing felon), but only when there is a governmental termination of freedom of movement through means ***intentionally*** applied." (emphasis added). The Supreme Court illustrated the point by saying that no Fourth Amendment seizure would take place where a "pursuing police car sought to stop the suspect only by the show of authority represented by flashing lights and continuing pursuit," but accidentally stopped the suspect by crashing into him. *Id*., at 597.

Consistent with the Supreme Court's holding in *Brower*, the Seventh, Eighth, Tenth, and Eleventh Circuits have all held that there can be no seizure where a police officer accidentally struck and killed a fleeing motorcyclist during a high-speed pursuit *See, e.g., Campbell v. White*, 916 F.2d 421, 423 (7th Cir. 1990), cert. denied, 499 U.S. 922 (1991); *see also Evans v. Hightower*, 117 F.3d 1318 (11th Cir. 1997) (holding that "the act of being run over by Hightower's vehicle was not part of the seizure, but was rather, the accidental effect of otherwise lawful government conduct" where there was no "evidence that the act of running him over with a patrol vehicle was intended as a means to seize him"); *Apodaca v. Rio Arriba Cnty. Sheriff's Dep't*, 905 F.2d 1445, 1447 (10th Cir. 1990) (holding that collisions between police vehicles and others caused by police negligence clearly fall on the "tort" side of the line); *Roach v. City of Fredericktown, Mo.,* 882 F.2d 294, 296 (8th Cir. 1989) (holding that a collision between police officer and another car did not constitute a seizure where officer did not intend for pursuit to end by means of an accident).  Because plaintiff must show intentional conduct, he cannot meet his burden by simply showing that the defendant's conduct was reckless. Plaintiff should therefore be precluded from suggesting to the jury that anything less than intentional conduct is required.[1]

Second, as the Court is aware, today, plaintiff testified that he was viciously assaulted after he hit defendant Belardo's car.  Plaintiff's counsel also elicited testimony about the time plaintiff spent in the precinct following his arrest, the time he spent in Court, and the disposition of the underlying criminal charges that were brought against him. As there is no claim for false arrest (plaintiff withdrew it) and the jury found that no excessive force was used in the handcuffing of plaintiff or thereafter, this testimony should not have been heard by the jury. Your Honor has already indicated that there will be an instruction issued to the jury to address these issues. Defendant Belardo requests that the Court issue the instruction to the jury before plaintiff is allowed to complete his testimony as it will directly impact the scope of defendant's cross examination of plaintiff.  Counsel will be prepared to discuss this tomorrow morning at 8:30 a.m., if Your Honor is so inclined.

---

[1] This is consistent with defendant's proposed jury charge which only contains references to "intentional" conduct.

Thank you for your consideration therein.

Respectfully submitted,

/s/
Valerie E. Smith
Assistant Corporation Counsel
Special Federal Litigation Division

cc: **VIA ECF**
Gregory Antollino, Esq.
Daniella Nanau, Esq.
*Attorneys for Plaintiff*