# GREGORY ANTOLLINO
## ATTORNEY AT LAW
GREG@ANTOLLINO.COM

275 SEVENTH AVENUE, SUITE 705
NEW YORK, NEW YORK 10001

TEL. (212) 334-7397
FAX (212) 334-7399

14 May 2019

Judge Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Pierce v. Belardo,* 16-5703 (RJD)

Dear Judge Dearie,

  Daniela Nanau and I represent plaintiff in this matter. We respond to the Corporation Counsel's letter of this evening.

  The defense can stitch together as many cases as it would like, but it doesn't overcome that recklessness may be the standard for which the jury to find excessive force. That was the defendant's request in the first trial, knowing all of the facts. The defense crowed to you on so many occasions that Judge Cogan's rulings from the first trial should be followed. You granted their requests over our objections. We walked into this trial knowing what we were dealing with and this is surely unfair surprise given the history of the case.

  (1) The Pleadings Shall Conform to the Proof at Trial, or after, by Consent or Otherwise.

  As the Second Circuit held in *DiMare Homestead, Inc. v Alphas Co. of NY*, 547 F App'x 68, 68 (2d Cir 2013):

> Under Fed. R. Civ. P. 15(b), a district court may consider claims outside those raised in the pleadings so long as doing so does not cause prejudice. In opposing a Rule 15(b) amendment, a party cannot normally show that it suffered prejudice simply because of a change in its opponent's legal theory. Instead, a party's failure to plead an issue it later presented must have disadvantaged its opponent in presenting its case.

*Id.* at 70. *See also* F.C.R.P. 15 (a) and (b): Amendments During and After Trial:

1

>(1) *Based on an Objection at Trial.* If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.
>
>(2) *For Issues Tried by Consent.* When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Fed Rules Civ. Pro. R 15(a). In this situation, notwithstanding the pleading, as of the time the defense *requested* the recklessness standard, the pleadings were implicitly or amended by consent. I don't see how the defense can object to implied consent, but if it does, we move now. No continuance for additional discovery is needed, as the witnesses at issue are available to testify at trial, one has still not finished his testimony, and one is within the complete control of defense counsel, so there is no prejudice.

    (2) This is unfair surprise to plaintiff.

    We are scraping up against the limits of fairness. The Court disallowed the discussion of race over or objections because of Judge Cogan's rulings in the first trial, notwithstanding that the amended complaint alleges that the police actions were motivated by race." Amended Complaint ¶ 46. We've explored the boundaries of what it means to be an "expert" under Rule 26 and you've allowed Judge Cogan's rulings to hold sway in this trial. Now we are into a City of New York do-over. *See Friedlander v Roberts*, 2000 US Dist. LEXIS 14248, at *10 (SDNY 2000) ("Now, having been granted the opportunity for a "do-over," the City has demonstrated that the Mayor [Giuliani] lacks knowledge on the relevant issue sufficient to warrant deposing him." (Francis, M.J.)

    In the first trial, Judge Cogan relied upon Judge Sand's instructions insofar as "to establish a claim under Section 1983, Mr. Pierce must establish by a preponderance of the evidence that the defendant acted intentionally or recklessly." *See* Sand 87-74. Further, Judge Cogan ruled at the request of the City that an "act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately, and not because of a mistake, accident, negligence, or other innocent reason. (Authority: Sand 87-76). . . . An act is reckless if done in conscious disregard of its known probable consequences. (Authority: Id. 87-77)."

2

      (3)      The newly proffered defense cases do not say that recklessness is not the proper standard.

The cases cited by the defense, even if you were now poised to change the Decision Rule that Judge Cogan's rulings should hold sway, do not mean that reckless cannot be a standard for the plaintiff to argue or prove excessive force.

The defense wants a do-over of what it argued, successfully, to Judge Cogan. That is entirely unfair. You held on April 22, 2019 that Judge Cogan's rulings would hold sway in this trial. Now the defense wants it a different way. This is not a fair administration of justice and violates the rule you handed down on April 22, 2019 (transcript pending).

The defense now contends that the Court should instruct the jury "An act is intentional if it is done knowingly — that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason." <u>This is true, and the definition does not exclude recklessness</u>. The result of a reckless act can never be "innocent." *See* <u>Merriam Webster</u>, recklessness is "marked by lack of proper caution: careless of consequences."

The defense asked for "intentional or reckless" in the first trial. We explored the subject at length, and Judge Cogan ruled in the City's favor. The amended complaint in ¶ 46 surely uses the word "intentionally," with regard to Officer Belardo's with of plaintiff with the car.

None of the defendant's proffered cases hold otherwise. *California v. Hodari D.*, 499 U.S. 621, 626 (1991) is not contrary to this case. *Hodari* holds that a "seizure . . . requires '*either* physical force . . . *or*, where that is absent, *submission* to the assertion of [police] authority.'" *Accord, Brower v County of Inyo*, 489 US 593, 597 (1989)*,* where the pursuing police car sought to stop the suspect only by the show of authority represented by flashing lights and continuing pursuit; and though he was in fact stopped, he was stopped by a different means -- his loss of control of his vehicle and the subsequent crash. **If, instead of that, the police cruiser had pulled alongside the fleeing car and sideswiped it, producing the crash, then the termination of the suspect's freedom of movement would have been a seizure.** *Id. at 635-36* (emphasis added.)

*Campbell v White*, 916 F.2d 421, 422-423 (7th Cir 1990) is not contrary. That case holds that "[c]ollisions between police vehicles and others caused by police negligence clearly fall on the 'tort side of the line." We never argued nor claimed mere negligence (finding that plaintiff's allegation that officers slammed his head against the pavement after he was handcuffed and lying prone on the ground stated valid Fourth Amendment claim for excessive force consistent with long line of cases holding that such gratuitous force used during seizure is objectively unreasonable). *Evans v. Hightower*, 117 F.3d 1318 (11th Cir. 1997) is not contrary. Evans "was seized prior to being hit by the car. He was seized when Mathis ordered him at gunpoint to lie on the ground." That case holds merely that "negligence, alone, absent any intentional government conduct, cannot form the basis of a

3

claim under § 1983 premised on the Fourth Amendment. *Evans v Hightower*, 117 F.3d 1318, 1321 (11th Cir 1997). We do not disagree with this. The defense is conflating the rule against a negligence argument with an alleged inability to argue recklessness. *See, e.g., Ivey v Smart*, 2014 U.S. Dist. LEXIS 186775, at *28 (ND Ga Sep. 18, 2014) distinguishing *Hightower* and holding,

> Indeed, if, as *Graham* [*v. O'Connor*] says, excessive force cases are to be analyzed under the fourth amendment's reasonableness standard with "careful attention to the facts and circumstances of each particular case," there can be no *a priori* judgments of categorical unreasonableness."

*Id.* at **31-33 (citing *Pleasant v. Zamieski*, 895 F.2d 272, 277 (6th Cir. 1990) and *Graham v. Connor*, 490 U.S. 386, 396-97 (1989).

The case the City relied upon in the first trial was *Hudson v New York City*, 271 F.3d 62, 66 (2d Cir 2001) which held against the plaintiff in holding that "to prove any constitutional violation, there must be a showing of an intentional or malicious, certainly **a reckless disregard for the person's rights**." We agree with *Hudson* insofar as the Circuit held that a case brought under "1983 is not a negligence action." But a bar on arguing negligence does not insofar as rule out recklessness. Indeed, Hudson holds that recklessness is the proper standard.

That should be the end of the analysis.

Sincerely,

*Greg S. Antollino*

Gregory Antollino

cc: all counsel by ecf

4