# GREGORY ANTOLLINO
### ATTORNEY AT LAW
GREG@ANTOLLINO.COM

275 SEVENTH AVENUE, SUITE 705　　　　　　　　　　　　　　　　　　TEL. (212) 334-7397
NEW YORK, NEW YORK 10001　　　　　　　　　　　　　　　　　　　FAX (212) 334-7399

14 May 2019

Judge Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Pierce v. Belardo,* 16-5703 (RJD)

Dear Judge Dearie,

　　　　Good morning. After submitting my letter of several hours ago, I realized that as to pleadings, you ruled against me in another case on the matter of pleadings conforming to the proof almost 20 years ago in *Norville v. Staten Island University Hospital,* 96-5222 (RJD). You ruled that the defense of mitigation, notwithstanding that the defendant had not pled the affirmative defense, would be an issue for a damages trial. Judge Tucker Melançon had bifurcated liability, which plaintiff won. Then at a first damages trial, the issue of mitigation came up. We objected vociferously because the defense was not pled. Judge Melançon ruled against us.

　　　　Then, the Judge sua sponte declared a mistrial for reasons I still don't understand. He also authorized an interlocutory appeal. The parties met at the Second Circuit for the CAMP conference, and the Staff Attorney convinced us to consent that there was no appellate jurisdiction.

　　　　The case was back in your hands for the second damages trial, you held that the defense of mitigation would go ahead. See Docket entry 161, entered in its entirety below. This was pre-ECF, however the point was that you held there was no unfair surprise because the case went to the Court of Appeals and we had time to enter into discovery in a matter we had never contemplated before – mitigation. We did so and were not prejudiced as the jury found for Ms. Norville on this point as a matter of fact.

　　　　Here we need no more discovery and neither does the defense, Even though we mitigation was never a defense in *Norville,* and the answer never amended, you let the defense argue it nonetheless because there was no prejudice. There is no prejudice in this case, thus your ruling in *Norville,* should be applied in this case, especially when it was the defendant's choice to instruct on recklessness and especially since the defense successfully allowed you to follow Judge Cogan's rulings. The cases presented. By the defense compare

1

intent to negligence. Just because the issue of recklessness was not raised in those cases, the courts involved needn't have argued it, but in *Hudson v. City of New York*, which is still good law, the Circuit held that intentionality or recklessness were both a valid basis to present an excessive force case.

| 09/18/2001 | 161 | Calendar entry: before Judge Dearie on 9/18/01 for status conference. Counsel for parties present. Court ruling: The mitigation issue will be put before the jury. Trial on damages will be held on 12/10/01. Jury selection to be referred to MJ if Judge Dearie is not available. Parties consent. Plaintiff's counsel advises court that the trial may last longer than 4 days. Mr. Antollino directed to notify court about the length of the trial as soon as possible. Court Reporter:ESR. (Chee, Alvin) (Entered: 09/19/2001) |

I hope your Honor will follow your rulings in *Norvlle.* Here, over our repeated objections you have held steadfastly to the law of the case. To allow to defense to change its mind after ruling in its favor that Judge Cogan's rulings would control, over plaintiff's objection, would be tremendously unfair.

Sincerely,

*Greg S. Antollino*

Gregory Antollino

cc: all counsel by ecf